### TOMKINS *vs.* HAILE.

The *naked possession* of property for a short time, and the exercise of acts of ownership over it, will not authorize a jury to find a transfer of property where there is no proof of acquiescence or recognition by the former owner of such possession.

Where an actual conversation is shewn, a demand and refusal is not necessary in the action of *trover*.

THIS was an action of trover, tried at St. Lawrence circuit in February, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The action was brought for the recovery of damages for the taking of a horse, waggon and harness. The plaintiff proved that he was the owner of the property, and continued in the possession of it, in the county of *Onondaga*,

until the spring of 1827. On the 28th June, 1827, the property was levied on in the county of St. Lawrence, by virtue of a justice's execution, issued on a judgment in favor of the now defendant against one Perry Stevens, in whose possession it was at the time. The levy was made by the direcrection of the defendant, and he became the purchaser at the sale under the execution and took away the property.

The defendant offered to prove that Stevens had been in possession of the property ever since he had been in the vicinity where it was sold; that he had used it, and exercised various acts of ownership over it, such as lending it, and offering to exchange and sell it, as evidence of a transfer of the property to Stevens, but no farther evidence was offered. This testimony was objected to and rejected by the judge. The defendant excepted. The jury found for the plaintiff with $60 damages, and a motion was now made for a new trial.

*L. Hoyt,* for defendant. The defendant having obtained the possession of the property lawfully, by purchase under a judicial sale, no action would lie against him until after a demand and refusal. (6 Johns. R. 44. 2 Cowen, 546.) Possession is *prima facie* evidence of property. To entitle the plaintiff to recover, he should have shewn that Stevens' possession did not conflict with his right.

*J. A. Spencer,* for the plaintiff. The property was shewn to be in the plaintiff, and there was no evidence that be had parted with it. There being an actual conversion, a demand was not necessary. This case is distinguishable from that in 6 Johnson. There the defendant was a naked purchaser at vendue; here the defendant directed the levy.

*By the Court,* MARCY, J. The defendant attempted to shew that Stevens was in fact the owner of the property, by proving that he had possession of it when it was levied on, had loaned it, and offered to sell or exchange it. This evidence would not, I think, have warranted the jury to find that there had been a change of property. How long Ste-

ALBANY,
October, 1829.

vens had been in possession does not appear; but it could not have been long. No acquiescence of the plaintiff in the possession of Stevens, nor any recognition of his right to possess it was shewn. We cannot, therefore, say that the judge erred in regarding these facts as amounting to no proof of property in Stevens.

There is scarcely a pretence to question the conversion. The constable acted under the express direction of the defendant in seising and selling the property, and his acts are in law the acts of the defendant. In this respect there is an essential difference between this case and that of *Storm* v. *Livingston* (6 Johns. R. 44.) The sale here was an actual conversion by the defendant.

Motion for a new trial denied.