Rogers *v.* Tilley.

---

## ROGERS and others *vs.* TILLEY and others.

T. conveyed his property to R. by deed, in trust to receive the income and apply it, first, to the payment of his existing debts, and secondly, to the use of his wife and children during his life; and on his death, to convey the fee or capital to his children then in being. *Held* that although the absolute power of alienation was suspended, both by the nature of the trust and by the contingent remainder in favor of unborn children, yet the suspension from either cause could by no possibility continue longer than one designated life in being, and was therefore not contrary to the statute.

A trust to receive rents and profits, and apply them to the payment of debts, may be satisfied by a sale of the premises for a term of years, taking the whole rent in advance and discharging the debts; and such a sale is not contrary to the statute.

An application of rents and profits, by way of trust, to the use of a man's family, is an application of them to his use, and if confined to the period of his life, and to a living, designated individual, is not contrary to the statute.

Even if this were not so, and the use were to be considered as exclusively that of the wife and children, as it is only, in any event, for their lives, and cannot possibly last longer than the life of the father, which may be a shorter period, it is not contrary to the statute.

If any of the trusts in a deed are valid, the deed is not void. A single good trust is sufficient to sustain it.

A trust in favor of two named children of the grantor and his wife, already born, "and such as may be born of the lawful issue of" the grantor and his wife, means the existing children, and such, if any, as shall be afterwards born, being lawful issue of the grantor and his wife.

THIS was an amicable suit to vacate or correct a family settle-
ment, alleged to have been drawn up by mistake in a form
not truly expressive of the intent of the parties, and to be void
as it stands, partly for uncertainty and partly for alleged ille-
gality in the trusts created by it.   The facts in the case suffi-
ciently appear in the opinion of the court, which was rendered by,

ROOSEVELT, J.   By the terms of the deeds in suit in this
action, Tilley conveyed his property to Rogers, in trust, to
receive the income and apply it, first, to the payment of his
existing debts, and secondly, to the use of his wife and chil-
dren, during his life ; and on his death, to convey the fee or
capital to his children, then in being.   Such an arrangement,
it is obvious—and it is the first question in the case—suspends
the power of absolute alienation.   The trustee cannot sell, be-
cause the trust does not authorize him to do so.   The bene-
ficiaries, or at least some of them, cannot, because as to the
rents and profits, they are made inalienable by law, and because,
as to the capital, the children living at their father's death, to
whom it is then to belong, may be totally different from the
two now born.   Hence there are no persons in being by whom,
as the statute expresses it, "an absolute fee in possession can
be conveyed."   But all suspensions of the absolute power of
alienation are not prohibited.   On the contrary, if restricted to
two lives, they are expressly allowed ; and in cases of minority,
even for a possible period of twenty-one years more.   In the
present instance, the ownership becomes absolute on Mr. Tilley's
death.   The suspension is for his life, and his life only.   For, al-
though the income (subject to the debts) is to be applied "to
the use of the wife and children," it is not for their lives abso-
lutely, but "for a shorter period"—for a period at all events,
which cannot be longer, but may be shorter, than the lives of the
persons to be benefited.   The application of the income is to
be made to the use of the children during their lives, unless
their father should sooner die.   On his death the trust cer-
tainly terminates, also the contingent character of the future
estate.   From that time, the rents are to be received directly

Rogers *v.* Tilley.

by the children themselves, then in being, like any other owners in fee, with full power also to dispose of the estate itself, without restriction or qualification.

It may be asked, should both the present children (no others being born) die before their father, what then is to be done with the income? In the language of the statute, I answer that "not being embraced in the trust, and not being otherwise disposed of, it remains in or reverts to the person creating the trust." It would be sufficient, however, for my purpose to say that, subject to the rules of suspension as above stated, the law expressly authorizes the creation of a trust "to receive rents and profits and apply them to the use of any person during the life of such person, or for a shorter term." And I 'might add, if necessary, without doing any violence to the common understanding, that an application of income during a person's life, or for a shorter period, to the use of such person's family, is an application during his life, or for a shorter period, to the use of such person himself; and that an authority, therefore, to create a trust for the latter purpose necessarily comprehends the right of doing so for the former.

Next as to the application of the income to the payment of existing debts and incumbrances. The statute of trusts enumerates certain purposes "for any or either" of which—that is, for any one or more of which in the same instrument—trusts of real property may be created. Among these is, first, the payment of debts generally, and secondly, the satisfying of "any charges," as they are called, on the particular land. General debts are to be paid by "selling the land;" charges, by selling, mortgaging, or leasing it. The reason of the distinction, if any, is not obvious. Besides, "selling" lands for a term of years, as in the case of tax sales in this city, is a legally recognized form of expression used in the statutes of the state. It is a natural and suitable designation of a lease, where the whole rent, under the name of purchase money, is taken in advance; so that selling, when for a limited number of years, whether short or long, is but a mode of leasing—and leasing in some of its aspects, is but a mode of selling. Hence a trust

to receive rents and profits, and apply them to the payment of debts, is perfectly lawful. It clearly implies a trust to lease or a trust to sell a leasehold interest—both or either—taking the rent all down in advance, or receiving it from time to time, in periodical installments. The latter mode, I admit, would, in one view, be void as against creditors. But no creditor in this case complains, and no provision in the deed requires the trustee, without the consent of creditors, to lease in that mode. Besides, what prevents the trustee from making a lease with the usual reservation of rent and then selling the right to the rent? A lessor may sell his lease, as well as the lessee. In either case it is a sale of land, or, more properly speaking, of an estate in land, and nothing in the letter of the statute or in its policy, restricts the sale to a sale in fee. So far as the debts of the grantor were in the form of mortgages, the trust to lease for the purpose of satisfying them was clearly lawful and within the very words of the statute. And may not general debts when existing and acknowledged in a trust deed, and provided for by it, without any great stretch of language, be called " charges" on the trust premises? Had the grantor confessed a judgment for their payment, such judgment would clearly have been a charge; and what is the difference in principle between a confession in a deed, recorded as a deed, and a confession in a less formal certificate, recorded as a judgment? Besides, as against a mere voluntary conveyance, all the existing just debts of the grantor, especially since the code, are quasi charges upon the land conveyed; so much so that the conveyance as far as it obstructs their recovery if at all, is to be adjudged of no effect. This, however, is only at the instance of the creditor, if any, who complains. The statute of frauds does not make deeds delaying creditors void absolutely, but void only as against the creditors delayed—a case which this bill does not present—indeed, it does not even allege the existence of any such creditors. On the contrary, it avers that all the debts have been paid, and all the incumbrances satisfied, except a mortgage of $10,000 —the holder of which can either take his pay by installments as the rents are received, or fore-

Rogers *v.* Tilley.

close and get the whole at once. The trust deed neither does nor could in any manner interfere with his rights. And even as to the general creditors I do not see why the deeds, if assented to by them, are not to that extent valid trust mortgages. (*See Leitch* v. *Hollister*, 4 *Comst.* 211.) The trust in favor of the two named children of Mr. and Mrs. Tilley, already born, and "such as may be born of the lawful issue of Mr. and Mrs. Tilley," although badly expressed, means the existing children, and such, if any, as should be afterwards born, being lawful issue of the grantor and his wife. At all events, there is no such insurmountable uncertainty in it as to render the trust on that ground void.

The result then is, first, that although the absolute power of alienation is suspended both by the nature of the trust and by the contingent remainder in favor of unborn children, yet the suspension from either cause, can by no possibility continue longer than one designated life in being, and is therefore not contrary to the statute. Second, that a trust to receive rents and profits and apply them to the payment of debts, may be satisfied by a sale of the premises for a term of years, taking the whole rent in advance and discharging the debts, and that such a sale is not contrary to the statute. Third, that an application of rents and profits, by way of trust to the use of a man's family, is an application of them to his use, and if confined to the period of his life, and to a living designated individual, is not contrary to the statute. Fourth, that even if this were not so, and the use were to be considered as exclusively that of the wife and children, as it was only, in any event, for their lives, and could not possibly last longer than the life of their father, which might be a shorter period, it was not contrary to the statute. Fifth, that if any of the trusts be valid—and some of them certainly cannot be disputed—the deed is not void. A single good trust is sufficient to sustain it. A decree should be entered either to dismiss the bill or to declare the legal effect of the deeds, as above stated.

[NEW YORK SPECIAL TERM, September, 22, 1855. *Roosevelt*, Justice.]