Tallman *v.* Turck.

———————◆———————

TALLMAN and others *vs.* TURCK.

If goods be wrongfully taken by A., and B. afterwards comes into possession of them, the latter is deemed as much a wrongdoer as the original tortious taker ; unless he establishes the fact, by proof, that he came to the possession in good faith and for a lawful purpose. In the absence of such proof no demand need be made of him.

This rule applies where the original taking of the goods was by permission of the owner, but the latter was led to give the permission by such a fraudulent deceit on the part of the purchaser as will avoid the sale, if the vendor chooses to avoid it.

APPEAL from a judgment entered at ·a special term, on the verdict of a jury in an action of replevin. The defendant claimed title to the goods in controversy, under and by virtue of an assignment executed to him by one George G. Cornwell, in trust for the benefit of creditors. The plaintiff obtained a verdict, and the defendant appealed to the general term.

*G. W. Bulkley* and *A. J. Vanderpoel,* for the appellant.

*E. W.* and *G. F. Chester,* for the respondents.

*By the Court,* MITCHELL, P. J. The plaintiffs sold goods to the amount of $664.33 to one Cornwell, who purchased them under fraudulent representations which vitiated his title to them. The plaintiff brought an action to recover all the · goods, against this defendant, who on the trial admitted that

the goods mentioned in the complaint were received by him. It also appeared that $419 in value of the goods were replevied by the sheriff from the defendant and delivered to the plaintiffs. It resulted that the defendant had appropriated to his own use the goods, amounting in value to the difference between those two sums. When the plaintiff rested the defendant moved for a nonsuit, principally because no demand of the goods had been made by the plaintiff, before action brought. He offered no proof of any title in himself.

In *Storm* v. *Livingston,* (6 *John.* 44,) in trover for a horse, the defendant proved that he had bought him at a constable's sale, and although the ownership was shown to be in the plaintiff, and a demand of the horse had been made of the defendant's wife, yet as none had been made of him, the plaintiff was nonsuited, and the nonsuit was sustained; the court holding that as the defendant came lawfully to the *possession* of the horse by the constable's sale, there was no conversion until a demand; and that a sale by the *defendant after* suit brought, was not such proof of conversion as would enable the plaintiff to recover in that action. Here there was evidence enough of a conversion of the goods not found by the sheriff, to satisfy a jury of such conversion by the defendant, and the motion for a nonsuit was improper; and the defendant did not show that he came to the *possession* lawfully.

In *Tomkins* v. *Haile,* (3 *Wend.* 406,) it being proved that the defendant had ordered the sheriff to levy on and sell the property belonging to the plaintiff, then in possession of a third party, it was held that no demand was necessary before suit brought.

In *Pierce, adm'r,* v. *Van Dyke,* (6 *Hill,* 613,) a promissory note had been taken from the pocket book of the plaintiff's intestate and delivered to the defendant, an attorney. He said he received it for collection, in which case the court held a demand of him would be necessary before action could be brought; but he had no *legal* proof that he had received it

Tallman *v.* Turck.

for that purpose, and a nonsuit granted in his favor, was set aside. Bronson, J. delivering the opinion of the court said, "In *Barrett* v. *Warren*, (3 *Hill*, 348,) we held that a demand was necessary before an action could be maintained against one who purchased the goods *bona fide*, or received them as a bailee, without any fault on his part, from a wrongdoer. But it is enough for the plaintiff to show his title and the *original tortious taking.*" (That is, a tortious taking by the third party, who took them—not by the defendant, the *bona fide* holder and recipient of them—who is not the original taker in the case supposed.) "The burthen lies on the purchaser or bailee to show that he came to the possession of the property for a lawful purpose and in perfect good faith. If he knew, or had any reason to believe, that he was dealing with one who acquired the property unlawfully, he may then be treated as a wrongdoer, without any demand by the owner. In this case, (if we lay the receipt out of view, as I think we must,) there is nothing to show that the defendant received the note for any lawful purpose. The fact that he is an attorney, standing alone, proves nothing to the purpose. It is the naked case of a man's receiving goods by delivery from a trespasser, without showing why, or to what end, the delivery was made. I think the owner may treat such an one as a wrongdoer, without any prior demand. Trespass or replevin in the *cepit* would lie."

The doctrine here announced is, that if goods be wrongfully taken by one party, the defendant who has since come into possession of them is deemed as much a wrongdoer as the original tortious taker, unless the defendant establish by proof that he came to the possession in good faith, and for a lawful purpose; and that without such proof no demand need be made of him.

The question remains, does this rule apply when the original taking of the goods was by permission of the owner, but who was led to give the permission by such a fraudulent deceit

on the part of the purchaser as avoids the sale, if the seller chooses to avoid it.

In *Hunter* v. *Hudson River Iron and Machine Company*, (20 *Barb.* 501,) the court, speaking of *Root* v. *French*, (13 *Wend.* 570,) says, " it decides that a fraudulent purchase of goods gives no title to the fraudulent purchaser, and that the vendor in such case may maintain replevin for the goods. It then goes further, and affirms the principle that a *bona fide* purchaser from the vendor of goods obtained by fraud, without notice, will under certain circumstances be protected. And to maintain an action against him, a demand in some cases must be made before suit brought. But no such demand is necessary as against the fraudulent vendee." Connecting with this proposition the fact that the defendant holding the goods is deemed a wrongdoer and participates in the wrongful taking until he proves his good faith, he would be entitled to no demand. *Root* v. *French* did not necessarily decide any more than that one who took goods from a fraudulent vendee to indemnify him as an indorser, was not such a *bona fide* purchaser for value as to be preferred to the title of the vendor. Savage, chief justice, says, " If Jenkins [the vendee] procured the goods by fraud, he acquired no right to them as against the plaintiff : a detention of them *after demand* by the plaintiff would be wrongful, and the plaintiff might have regained possession of his goods by the writ of replevin." This may mean only as it is understood in the case above quoted of *Hunter* v. *Hudson River Iron and Machine Company*.

*Mowrey* v. *Walsh*, (8 *Cowen*, 238,) decided before the revised statutes, which punish the procuring of goods by false pretenses as a felony, held that a *bona fide* purchaser for a new and valuable consideration from a fraudulent vendee, had a superior title to the vendor. In *Voorhees* v. *Earl*, (2 *Hill*, 288,) it was held that a purchaser from one who had fraudulently represented the quality of the article, must rescind *in toto* and offer to return all, or he could not recover the price paid for a part, and was confined to his remedy on the war-

Tallman *v.* Turck.

ranty. *Masson* v. *Bovet* (1 *Denio*, 74) is to the same effect, and that the party rescinding must return, or offer to return, what he has received. No point was taken on the trial of this cause that there had been no offer to return the notes of the purchaser. So in *Baker* v. *Robbins*, (2 *Denio*, 136,) it was held that one who has sold goods and taken the note of a *third* person in payment, on a false representation, cannot recover on the original consideration, without first tendering the note thus received by him. In *Matteawan Co.* v. *Bentley, &c.* (20 *Barb.* 641,) the plaintiffs had been led to sell goods to a third party by false representations ; but they received part payment in *cash* and the rest in notes of the purchaser. They *never* offered to return the *cash*, and only offered to surrender the notes, at the trial. It was held they could not recover ; they could not keep part of the consideration and yet sustain an action founded on a supposed rescission of the whole contract.

In *Barrett* v. *Warren*, (3 *Hill*, 350,) Bronson, J., laid down the rule that a *bona fide* purchaser from a fraudulent vendee could not be liable to the true owner without a demand of the goods, unless he had sold or otherwise converted them. (*Id.* 350, 1.) He says, " A man who *innocently* purchases property, supposing he should acquire a good title, ought not to be subject to an action until he has an opportunity to return the goods to the true owner." In *Ely* v. *Ehle*, (3 *Comst.* 506,) the defendant bought flour of a captain of a canal boat and removed it from the boat : the captain had no authority to sell it. It is there said, that after the original tortious taking was proved, " it *lies on the purchaser* or bailee, in order to protect himself from liability as a trespasser, *to* show that he came *to* the possession of the property for a lawful purpose and in perfect good faith, by *delivery* from the wrongdoer. That being proved, and that he had been guilty of no fault, he would be protected against a liability, as a tortious *taker* of the property ; although *even in that case* he would be answerable to the owner, for the property, in trover or in replevin in the

detinet, after demand and refusal to deliver; for he could not acquire any title to the property by his purchase." (*Id.* 509, 510.) This rule requires demand of the defendant to be proved, only after he has established the fact that he purchased in good faith and for a valuable consideration. The latter was not proved, and so the demand was unnecessary.

*Fuller* v. *Lewis,* (13 *How.* 220,) was on demurrer. The complaint is not stated in the report; and it is probable that the question of order or burthen of proof was not presented.

The judgment for the plaintiff should be affirmed, with costs.

[NEW YORK GENERAL TERM, December 5, 1857. *Mitchell, Clerke* and *Davies,* Justices.]