FREDERICK D. VINER et al., Appellants, v. THE NEW YORK, ALEXANDRIA, GEORGETOWN AND WASHINGTON STEAMSHIP COMPANY, Respondent.

On the 20th February, 1869, plaintiffs shipped by defendant's line a quantity of butter to be carried from New York to Georgetown, consigned to plaintiffs' order; the packages were unmarked. One S. presented to defendant's delivery clerk a letter written by plaintiffs to him, containing this clause : " The roll sent you to-day (the twentieth) you will find of very good quality," and upon this the clerk delivered the butter to S. In an action for the conversion plaintiffs were nonsuited. *Held* that, as a question of law, the letter was not a sufficient authority to justify a delivery of the butter to S.; nor was the writing of it negligence *per se*, but it was a question of fact for the jury to determine, from the letter and the other facts of the case, whether by   plaintiffs' negligence or otherwise the defendant was excused or justified in the delivery of the property.   The nonsuit was therefore error.

The undisputed existence of a fact sometimes constitutes negligence at law; but where inferences are to be drawn, or it depends upon circumstances, it is a question of fact to be determined by a jury.

(Argued April 19, 1872; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon an order of the court dismissing plaintiffs' complaint.

This action was brought against the defendant, as common carrier, for the conversion of a, quantity of butter shipped by plaintiffs at New York to Georgetown.

The defence was that the butter had been delivered to one George E. Smith, a consignee of plaintiffs, under a letter which, it was claimed, gave him an apparent right to receive it.

The butter was shipped on the 20th February, 1869; there was no bill of lading given.   The entry on the manifest of the vessel was .eleven packages of butter, marked [S.] in a diamond, shipped by F. Viner & Co. (the plaintiffs) "to order."

The butter was delivered to one G. F. Smith by the delivery clerk of defendants at Georgetown on the faith of a

letter written to him by one Hyde, agent, which contained the following clause :

" The roll *sent you to-day* (twentieth) you will find of good quality," etc.

Smith had been a dealer with plaintiffs, and they had consigned butter to him by defendant's line of steamers.

*E. Terry* for the appellants.    Smith could not have maintained an action against defendant if it had refused to deliver to him.    (*McEntee* v. *N. J. Steam. Co.*, 45 N. Y., 34; *Assignees of Burkhall* v. *Howard*, H. Blackstone, 365, note.) The evidence was sufficient to require the submission of the cause to the jury.    (*McEntee* v. *N. J. Steam. Co.*, 45 N. Y., 34; *Smith* v. *Asken*, 23 Wend., 658; *Franchers* v. *Henriques*, 24 How., 165; *Ireland* v. *Plank-road Co.*, 3 Kerr., 533; *Howard* v. *Gould*, 3 Keyes, 422; 1 Wend., 276; 6 id., 436; 3 Hill, 287; *Astor* v. *N. Ins. Co.*, 7 Cow., 202.)    Common carriers are insurers.    (1 Par. on Con., 634.)    The fact that a cartman is exclusively employed by a consignee, does not justify a delivery to him without order.    (*Ostrander* v. *Brown*, 15 J., 39.)

*S. P. Nash* for the respondent.

CHURCH, Ch. J.    I cannot agree with the learned judge who tried this cause at the Circuit, that the letter from the plaintiffs to Smith was as a question of law sufficient authority for the defendant to justify a delivery of the butter to him.

The property was shipped to Georgetown, consigned to the plaintiffs' order, and not marked with the name of any person. The carrier had no right to deliver it except upon the order of the plaintiffs.    It is well settled that a delivery to a wrong person is a conversion.    The letter claimed as authority was written to Smith, and not to the defendant.    It does not purport to be an order for the delivery of the property; it does not state that any butter was sent to Smith, nor in any man-

ner authorize him to receive it. It refers to butter sent, but not to him, nor does it specify the quantity or the number of packages, or the line or agency which transported it, and it was not marked with his name. Assuming that the letter refers to the same butter, which it probably did, the most liberal inference which could be drawn from it was that the plaintiffs intended that Smith would have an opportunity of seeing it, or selling it, or at most, intimating that the plaintiffs might thereafter give him an order for it, but it is an unwarrantable stretch of construction that it authorized the carriers to deliver it to him.

Indeed, a contrary inference is quite as rational. The letter bears date the same day of the shipment, and says; " Am sorry you did not send returns yesterday, as you expected, as *should have shipped you much more*, but Mr. Viner's previous experience has made him very cautious of new men." The plaintiffs were asking for returns for previous sales, and regretting that they had not been sent, as in that event they "*should have shipped*" more, but as he had not and they were cautious of new men, it may be inferred that they had refrained from doing so. Without intending to say whether this is a proper inference or not, it is quite as legitimate as the inference that an order or authority is contained in other parts of the letter to deliver the butter to Smith.

The defendant acted in good faith, doubtless, but to permit carriers to deliver property expressly consigned to the order of the consignor upon an authority to be spelled out of language not addressed to them, and so uncertain and ambiguous, would encourage laxity and negligence and lead to great injustice to the owners of property, and would be contrary to law and sound business principles. Common carriers cannot thus easily relieve themselves from responsibility. Their liability continues until the property is delivered according to the consignor's order, and it is no answer for a wrong delivery to say that it was done by mistake and with no bad intent. The consignor required a delivery to his own order; the delivery was made without such order, and consequently at

the risk of the carrier. If the defendant had refused to deliver the butter, and Smith had brought an action to recover it upon the authority of this letter, no court would have tolerated the action for a moment. It was not, therefore, their duty to have delivered it upon this authority, and the most favorable disposition of the case for the defendant would have been to submit the question to the jury upon the letter and all other facts of the case, to determine whether from the plaintiffs' negligence or otherwise the defendant was excused or justified in delivering the property as it did. An effort was made to prove that the plaintiffs had made prior consignments of packages to Smith marked in the same manner, but the evidence upon this point was conflicting. It would be a material circumstance in favor of the defendant if it could establish that the plaintiffs had been in the habit of shipping property to Smith marked like this and deliverable to their own order, as evidence of a usage in transacting this particular business. The evidence given on this trial not only does not establish this, but tends to show that previous shipments were consigned to and marked for Smith, and that it was not intended that he should receive this property without further orders.

It is urged that the plaintiffs' negligence in writing such a letter caused the delivery and produced the injury. The writing of the letter was not negligence *per se*. The undisputed existence of a fact sometimes constitutes negligence in law, but when inferences are to be drawn, or it depends upon circumstances, it is a question of fact to be determined by a jury. The learned counsel for the respondent has referred to no authority justifying the ruling of the court, and I am confident none can be found.

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.