BUSH v. ROMER *et al.*, appellants.

*Common carrier — delivery by to wrong person.*

Defendants, common carriers, delivered by mistake, to a person who had no authority to receive them, goods shipped by and consigned to plaintiff. *Held* (following *Viner* v. *N. Y. Steamboat Co.*, 50 N. Y. 25), that they were liable to the plaintiff for the value of such goods.

APPEAL from a judgment of the Dutchess county court upon the verdict of a jury in favor of the plaintiff, in an action originating in a justice's court.

The defendants, William F. Romer and Jacob Tremper, were, in the spring of 1873, common carriers, doing business under the firm name of Romer & Tremper, and running a line of steamers between Albany and Newburgh, on the Hudson river, stopping at intermediate places, of which Hyde Park was one. Plaintiff, John W. Bush, who was a dealer in trees, on the 25th of April, 1873, shipped, at Waterloo, N. Y., a box of trees, of the value of $140.10, marked "J. W. Bush, Hyde Park, N. Y., by steamer *Eagle*, from Albany." This box was received on board the steamer named, which was one belonging to defendants' line, April 30, 1873, and landed at Hyde

Park the same day. A few days afterward the box was delivered by defendants' agent having charge of their business at Hyde Park, to one Witherwax, who had no authority from plaintiff to receive it.

*A. Wager,* for appellant.

*H. H. Morse,* for respondent.

BARNARD, P. J. This is a plain case. The defendants are common carriers. As such, they undertook to transport for the plaintiff, from Albany to Hyde Park, a quantity of trees, and deliver them to the plaintiff there. They did not so deliver them; but did deliver them to a Mr. Witherwax, who had no authority to receive them for the plaintiff. Under this state of facts, the plaintiff is entitled to recover the value of the trees.

The case of *Viner* v. *New York, etc., Steamboat Co.,* 50 N. Y. 23, is a decisive authority. That case holds, that the liability of the carrier continues until the property is delivered according to the consignee's order; and it is no answer for a wrong delivery to say, that it was done by mistake, and with no bad intent. The judge who tried this case charged in the language of that case, and the defendants excepted to it; and it is claimed in the points by the defendants, that it was in effect directing a verdict for the plaintiff. It is, notwithstanding its effect, a legal charge. No question is raised as to the freight in the pleadings, and none was suggested on the trial.

The judgment should be affirmed, with costs.

*Judgment affirmed.*