WILLIAM P. LORD, } *Associate Justices.*
JOHN B. WALDO,

———

## SURLES *v.* SWEENEY.

REPLEVIN—DEMAND, WHEN NOT NECESSARY.—In replevin, when the original taking was wrongful, the fact that the defendant came into the possession of the property without any imputation of fraud, or intention to do wrong, cannot make his possession lawful as against the true owner. The wrongful taker could have no lawful possession against such owner, nor could he convey any to another, and without a party obtains possession lawfully, a demand is not necessary. The necessity of a demand is to put the defendant in the wrong when he acquired the possession legally.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Geo. W. Yocum and Robert L. McKee,* for appellant.

It appears from the evidence that defendant was an innocent, bona fide purchaser for value, and before the plaintiff could maintain this action he should have made a demand upon defendant and been refused, and he should have alleged and proved the demand and refusal. (*Campbell* v. *Jones,* 38 Cal., 507; 53 Cal., 447; *Wood* v. *Chen and another,* 6

3

Ind., 455; *Gillett* v. *Roberts*, 57 N. Y., 28; 2 E. D. Smith, 132; *During* v. *Austin*, 34 Vt., 330; *Gilmore* v. *Newton*, 91 Mass., 171; *Pease* v. *Smith*, 61 N. Y., 477; *Kennett* v. *Robinson*, 2 J. J. Marsh, 84; *Burnside* v. *Twitchell*, 43 N. H., 390; *Parker* v. *Middlebrook*, 24 Conn., 207.)

*Where one of two innocent persons must suffer by the acts of a third*, he who has enabled such third person to occasion the loss must sustain it. (*Parsons* v. *Armor*, 3 Pet., 413; *Stainer* v. *Tyson*, 3 Hill, 279; *Putnam* v. *Sullivan*, 4 Mass., 45, 54; *North River Bank* v. *Aymor*, 3 Hill, 263; *Mussey* v. *Beecher*, 3 Cush., 511.)

*Richard Williams*, for respondent.

Where the original taking was unlawful, a previous demand before commencing action is unnecessary. (*Moore* v. *Jenkins*, 5 Or., 447; *Prine* v. *Cobb*, 63 Me., 200; *Ballou* v. *O'Brien*, 20 Mich., 304; *McNeil* v. *Conner*, 17 Ark., 154.)

And even if demand was necessary, when defendant claims as an innocent purchaser from the person who wrongfully took the horse, he waives the right to demand by pleading property in himself. (*Shoemaker* v. *Simpson*, 16 Kan., 43; *Galvin* v. *Bacon*, 11 Me., 28; *Trude* v. *Anderson*, 10 Mich., 367; *Homan* v. *Labo*, 1 Neb., 210; *Smith* v. *McLean*, 24 Iowa, 322.)

By the Court, LORD, J.:

This was an action of replevin. The plaintiff in substance alleges that he was the owner and entitled to the possession of a certain horse, and that the defendant, without his consent, wrongfully and unlawfully took said horse from his possession, and still unlawfully and wrongfully detains said horse from his possession to his damage, &c. The answer of the defendant denies each and every allegation of

the complaint, and alleges affirmatively as separate defenses: First, That he is the owner and entitled to the possession by purchase, &c.; Second, That the plaintiff is estopped by reason of his authorizing one Barnes, as his agent, to sell or trade the horse, and that the defendant, knowing such facts and relying on the good faith of plaintiff's authority to said Barnes to trade or sell said horse, did, &c. A verdict was found for the plaintiff and the appeal is brought here on a bill of exceptions. The main ground of objection is that the defendant is an innocent, *bona fide* purchaser for value; and before the plaintiff could maintain this action, he should have made a demand upon the defendant and been refused, and such demand and refusal should have been alleged and proved. It is claimed that the evidence in the bill of exceptions shows the defendant to be an innocent purchaser for value. Of this we are not fully satisfied, nor fully prepared to judge, as the bill of exceptions does not purport to contain all the evidence, but we shall concede the point in the decision of this case. It appears by the evidence in the bill of exceptions that the horse is the property of the plaintiff; that he authorized Barnes to sell the horse for one hundred dollars; that one Zed Wilson, without any authority from Barnes, took and traded the horse to one Gustell, and Gustell again with the defendant. The action is for the unlawful taking and detention of the horse, and no demand is alleged or proved.

In *Morse* v. *Jenkins*, 5 Or., 447, it is held that the action for the recovery of personal property, under the code, is substantially the former action of replevin, and is governed by the same principles and rules, especially in relation to demand and refusal. And in that case Mr. Justice McArthur said: "In an action for wrongful taking *and* wrongful detention, demand is not necessary. When, however,

the plaintiff relies upon wrongful detention, demand must
be pleaded as well as proved. When he relies upon wrong-
ful taking, or upon wrongful taking and detention, demand
is not necessary." For the purposes of this case, let it be
conceded that the defendant acquired possession of the
horse from one who was apparently the owner, in good
faith and for value, and that his possession is without taint
of moral turpitude. The question then is, had he such a
rightful possession in law as to require that the real owner
must make a demand before commencing his action?
"Where a party is rightfully in possession of property be-
longing to another, he does not unlawfully detain it, until
after a demand from the true owner, and a refusal. But if
the taking is tortious, no such demand is necessary. * * *
Whoever takes the property of another, without his assent,
express or implied, or without the assent of some one author-
ized to act on his behalf, takes it, in the eye of the law,
tortiously. His possession is not lawful against the true
owner. That is unlawful which is not justified or war-
ranted by law; and of this character may be some acts which
are not attended with any moral turpitude. * * * The
defendant came honestly by the horse, but he did not re-
ceive possession of him from any one authorized to give it,
and is therefore liable *civiliter* to the true owner for the
taking as well as for the detention." (Weston, J., in *Gal-
vin* v. *Bacon*, 11 Me., 28.) In *Trude* v. *Anderson*, 10
Mich., 369, the court say: "It is not easy to give a satis-
factory reason why the true owner, who has been guilty of
no wrong or negligence, should be prejudiced by a transac-
tion between the wrongful taker of his property and a third
person, or how such transaction can impose upon him a new
obligation. In many cases a previous demand would im-
pose upon the owner a serious inconvenience, and in some

cases might be equivalent to a denial of his right; and 'if he happen to find in whose possession his property lies, a demand will perhaps raise an alarm, and hurry both the wrong doer and the property beyond the plaintiff's reach.' Why should the right of the plaintiff to recover his property be made to depend upon the good faith of the defendant, when that good faith is no defense against the plaintiff's right of property, or possession when a previous demand has to be made." (*Shoemaker* v. *Simpson*, 16 Kan., 52; *Ballou* v. *O'Brien*, 20 Mich., 304; *Prime* v. *Cobb*, 63 Me., 202; *McNeil* v. *Arnold*, 17 Ark., 155; *Smith* v. *McLean*, 24 Iowa, 322; *Newell* v. *Newell*, 34 Miss., 386; *Clark* v. *Lewis*, 35 Ill., 423.)

The possession of the defendant originated in a tortious taking. The necessity of a demand is to put the defendant in the wrong when he acquired the possession legally. But when the original taking was wrongful, the fact that the defendant came into the possession of the property without any imputation of fraud, or intention to do a wrong, cannot make his possession lawful as against the true owner. The wrongful taker could have no lawful possession against such owner, nor could he convey any to another; and without a party obtains the possession lawfully, a demand is not necessary. It has also been held that where one purchases property of another who has no right to sell, it is a conversion, and the owner may bring replevin without demand, and the good faith of the purchaser is no defense to the transaction. (*Farley* v. *Lincoln*, 51 N. H., 577; *Stanley* v. *Gaylor*, 1 Cush., 536.) In New York the opposite view prevails, and it is there held, where it affirmatively appears that the defendant came into possession of the property in good faith, and with the belief that he would acquire a good title, he will not be liable to an action of replevin at the suit of the

owner, until a demand has been made, and an opportunity afforded him to restore the property. (*Barrett* v. *Warren*, 3 Hill, 348; *Tallman* v. *Tweck*, 26 Barb., 167. See also *Wood* v. *Cohen*, 6 Ind., 454.) It is difficult to perceive how the good faith or innocence of a defendant in possession of the property of another is to affect or prejudice the legal rights of the true owner who is without wrong or negligence, or what bearing such matters can have in a civil action to recover the property.

Judgment affirmed.