Barnard, P. J.
The defendant is a keeper of a warehouse. The plaintiff in the year 1882, left certain articles of personal property with the defendant to be stored for him. The defendant sold the goods in 1885. The sale was made without notice to the plaintiff as required by chapter 336, Laws of 18^9, and therefore, it is legally a wrongful conversion of the property by the defendant, and a wrongful application of the proceeds to her own use. When the conversion is thus wrongful no demand is needed before action is brought. Tompkins v. Haile, 3 Wend., 406; Viner v. New York Steamship Company, 50 N. Y., 23; Colgate v. Pennsylvania Coal Co., 102 id., 120; 1 N. Y. State Rep., 166.
The conversion being proven, the case became one for the assessment of damages. The great diffiulty in the case arises from the nature of the property itself. This consisted of an old library, family portraits, engravings on steel, books of music, both vocal and instrumental, and some plated-ware,, and some other articles of household use. The proof of the value, where the articles are personal, as the evidence in the case discloses, is generally more difficult than in respect to articles which have a market value, as generally, articles in common use. The objection that certain books were not within the bill of particulars is without merit.
*634 The statement was in the bill of particulars that the books were 900 volumes or thereabouts and while some authors names were given, others were claimed for “ the names and authors of which plaintiff cannot remember. ’' The plaintiff was properly permitted to testify as to the value of the oil paintings., She stated her knowledge of value acquired in two years experience in picture gallariesand portrait painting, and she continues “ I know the value of it.”
This carried her opinion to the jury under all the cases governing the receipt of opinion of value by experts.
The knowledge may not be acquired from her own sales, hut by reason of her employment she became acquainted with the value of oil paintings for artists who furnished them.
It was not error to refuse to shut out her answer made to responses to a question of defendant that her parents told her the value of the oil paintings. The statement that the information of her parents made up all her knowledge went to the jury with her direct testimony. She gave hér experience in value fully then. The plaintiff’s statement that there were ten music books as to which she knew not the value is not objectionable for being connected with the statement that they belonged to her mother. The plaintiff was permitted to testify to the value of three small articles or pieces of property on the statement that she had been in the family and knew of such articles being bought in this house. She was a capable witness as to value. Proof was given of the condition of the books, .and, in a general way of the authors which composed them. The expert Treadwell was permitted to state under objection that the library was probably worth twenty-five cents :a volume. When pressed for a more definite answer, he replied that he would average the books all at $300.
The question was objected to and received. He had .already given prices for certain named works, and the amount of their value and the twenty-five cents a volume ■on the other would reach $300. The answer did no injury beyond the admitted evidence in the case by the same writings.
The other exceptions do not appear to be well supported and need no special comment.
The judgment seems reasonable under the evidence, and should be affirmed, with costs.
Pratt, J., concurs.