---

(4 Misc. Rep. 46.)

### In re FISHER'S ESTATE.

(Surrogate's Court, New York County. June, 1893.)

1. WILLS—CONSTRUCTION—ACCUMULATION OF INCOME.
    A will which empowers the executors to pay off mortgages by applying for that purpose 15 per cent. of the net income of the estate violates 4 Rev. St. (8th Ed.) pp. 2434, 2435, §§ 37, 38, and page 2516, §§ 3, 4, forbidding the accumulation of income except for the benefit of minors, and it is immaterial that there might be enough income annually received, available for the discharge of the mortgages, without accumulating income of previous years.

2. SAME—UNAUTHORIZED TRUSTS.
    The will is also invalid because it attempted to create a trust of real estate for the discharge of mortgages, which is not one of the cases prescribed by 4 Rev. St. (8th Ed.) p. 2437, § 55.

Accounting by the executor and trustee under the will of Joseph Fisher, deceased.

The provision of paragraph 11 of the will, relating to the accumulation of the income of the estate, is as follows: "And I do fully empower and direct my executor and trustee to reduce and pay off, by installments or otherwise, as far as possible and convenient, in their discretion, any and all mortgages on any portion of my estate; and for this purpose I empower them, in their discretion, to use and apply the proceeds of such of my real estate as they may sell and dispose of, and fifteen per cent. of the net income of my estate, after the payment of all taxes, assessments, commissions, interests on mortgages, insurances, repairs, and other expenses, and the marriage annuities and allowances provided for in the marriage contracts of my two daughters, and all other annuities, gifts, bequests, devises, and provisions of this, my last will and testament."

Edward W. Sheldon, for executor.
Richard H. Clarke and James E. Kelly, special guardians.

RANSOM, S. The direction in the will of decedent for the application of a part of the income of the trust estate for the payment of mortgages on the real estate forming part thereof is invalid, as it provides for an accumulation of such income for a purpose not permitted by the statute. Such income, whether composed of the rents and profits of real estate, or the interest, profits, or income of personal property, can be accumulated for the benefit.

of minors only, and must terminate at the expiration of their minority.    Part 2, art. 1, tit. 2, c. 1, §§ 37, 38, 4 Rev. St. (8th Ed.) pp. 2434, 2435; tit. 4, c. 4, §§ 3, 4, pp. 2516, 2517.    That there might be enough income annually received, available for the discharge of the mortgages, without resorting to or accumulating income of previous years, is a circumstance that I do not think would relieve the provision from the ban of the statute.    To the extent that the income is applied towards the payment of the mortgages on the real estate, to that extent is such income preserved and accumulated.    It goes into, and forms part of, such estate, and increases the capital, the income of which is distributable under the trusts in the will, and the augmented principal ultimately. The provision is, in effect, precisely the same as if the testator had, in so many words, required the trustee to apply the income to swell the principal of the trust fund.    It is distinguishable from the case of an annuity payable out of the income of real estate held in trust, or payable in the manner formulated in the decree which was entered in the case of Hawley v. James, 16 Wend. 275, in that the amount paid on account of the annuity is paid outright, and, neither directly nor indirectly, enters into the corpus of the estate.

The disposition is also objectionable on the ground that it is an attempt to create a trust of real estate not authorized by law. Section 55, art. 2, tit. 2, c. 1, pt. 2, 4 Rev. St. (8th Ed.) p. 2437, prescribes the cases in which an express trust of real estate may be created, and in subdivisions 3 and 4 enumerates the objects and purposes for which the rents and profits of land may be received and applied.    The discharge or payment of mortgages is not one of them.    Subdivision 2 permits the leasing of lands for the benefit of legatees, or for the purpose of satisfying any charge thereon. Although the mortgages in question are charges on land of testator, no intention to create a trust for their satisfaction in accordance with this subdivision is disclosed by the will.    The provision might, however, be effectuated by regarding it as a direction for leasing under this subdivision, and by adopting a method in carrying out the direction which would not necessitate the periodical taking and appropriation of the rents and profits by the trustee.    The term could be leased or parted with, and the whole rent or consideration therefor paid down at once, and in advance.    In other words, a sale of the term might be effected. Hawley v. James, 16 Wend. 152, 154–156, 165, 257, 258, 273; Rogers v. Tilley, 20 Barb. 643.    The course suggested is, however, not feasible in the present case.    Its adoption would derange and defeat the scheme and purposes of the testator with respect to the care and management of his estate by the trustee, and the administration of the trusts constituted by his will.    The contention of the accountant, with respect to the questions considered, is sustained.