ANDERSON, Respondent, vs. SUTHERLAND, Appellant.

*November 26 — December 17, 1895.*

*Conversion: Demand: Logs and lumber.*

1. Plaintiff's logs became mingled, without his fault, with logs which had been sold to defendant, and were delivered therewith by the vendor and taken by defendant to his mills and made into lumber. After a part of plaintiff's logs had been so taken, he notified defendant of the facts and that he wanted pay for his logs. *Held*, a sufficient demand to make defendant responsible for the conversion of plaintiff's logs theretofore received by him. For those received afterwards no demand was necessary.

[2. Whether a demand is necessary in case of an actual conversion, where the defendant is a *bona fide* purchaser from a wrongdoer, not determined.]

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff had a number of pine logs in a boom in an eddy in Flag lake, and others on the bank adjacent. One Brace and others had a much larger number of logs in Flag lake. Brace and others sold their logs to the defendant, and drove them to the mouth of Flag river, where they were taken by the defendant's agents, and taken to the defendant's mills at Ashland. The plaintiff's logs all came to be afloat in the lake and intermingled with the other logs, and

were all driven by Brace to the mouth of Flag river, and taken to the defendant's mills, and manufactured into lumber, without the plaintiff's consent. When plaintiff learned that his logs were being taken to Ashland, he went there, and found some of his logs at defendant's mills, and notified defendant that these were his logs, and that his logs were afloat and mingled with Brace's logs without his fault, and that he wanted pay for them. All of plaintiff's logs were afterwards received at defendant's mills, and manufactured and piled indiscriminately with defendant's lumber. The plaintiff has not been paid for his logs.

The action is trover, to recover the value of the logs. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*. They cited *Root v. Bonnema*, 22 Wis. 539; *Hesseltine v. Stockwell*, 30 Me. 237; *Bryant v. Ware*, id. 295; *Jewett v. Dringer*, 30 N. J. Eq. 291.

For the respondent there was a brief by *Rossman & Foster*, and oral argument by *George P. Rossman*.

NEWMAN, J. There is little or no controversy about the facts of the case. The main contention is on the questions of the necessity of a demand for the return of the logs before the action was commenced, and whether there was such demand. Both questions seem to have been resolved by the trial court in the affirmative. Ordinarily, a demand and refusal are evidence only of conversion, and not conversion itself. Where there has been an actual conversion, there can, ordinarily, be no occasion for a demand. In the instant case there was an actual conversion of the logs. The only question is whether the defendant is responsible for that conversion. The logs were first wrongfully taken by Brace, and by him delivered to the defendant. It is claimed that

the defendant received them *in good faith* from Brace, and that he was entitled to an opportunity to surrender them to the plaintiff without costs.   Whether a demand is necessary where the defendant is a *bona fide* purchaser from a wrongdoer, the courts are not agreed.   Perhaps the weight of authority and the better reason is against the necessity of a demand.   *Gillet v. Roberts*, 57 N. Y. 28; *Surles v. Sweeney*, 11 Oreg. 21, and cases cited; *Couillard v. Johnson*, 24 Wis. 533, 540.   But the question is not important here, for there was a sufficient demand for those logs which the defendant had received before he was apprised of the true ownership. As to those which he received afterwards, he was not a *bona fide* purchaser, and no demand could be necessary.

No reversible error is found.

*By the Court.*— The judgment of the circuit court is affirmed.