CHARLES SCHLESINGER & SONS v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Term. December 17, 1903.)

1. CARRIERS—DELIVERY OF FREIGHT
    Where a carrier delivered certain merchandise directed to M. at a certain casino to a barkeeper at the casino, who was not M.'s agent, or authorized by her to receive the package, there was no delivery to the consignee, and the carrier was therefore liable.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Schlesinger & Sons against the New York, New Haven & Hartford Railroad Company. From a judgment of the New York City Municipal Court in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Sol. L. Youngentob (Elmer S. White, of counsel), for appellant.
Henry W. Taft, for respondent.

BLANCHARD, J. This action is brought by plaintiff, consignor of certain merchandise, against the company, who accepted the merchandise, and agreed to deliver it to "Franziska Muller, New Rochelle Casino, New Rochelle, New York," for a breach of a contract of shipment. The only question at issue on the trial was whether the merchandise had been delivered. There was no delivery to Franziska Muller, the consignee, although there was delivery to a bartender in the employ

¶ 1. See Carriers, vol. 9, Cent. Dig. §§ 299, 356.

of one Strassner, who was in charge of the casino, who paid the charges upon the receipt of the goods. It appears that the goods, upon arrival at New Rochelle, were delivered to an expressman named Farley, who claims to have had a conversation with Strassner, who appears at the time of the delivery of the shipment in question to have been in charge of the casino, wherein it is claimed that Strassner said to Farley to deliver all packages marked either for F. Muller or for Strassner or for the casino to him. The defendant sought by the cross-examination of Mrs. Muller to establish the fact that Strassner was her agent. In this, however, it was not successful. It is doubtless upon this theory that the court below acted. There is, however, no evidence in the case, as it was presented, which would justify the court in holding that the delivery at the casino at Strassner's direction was binding upon Mrs. Muller. Such being our view of this question, there was no delivery to the consignee, and the carrier is liable. Furman v. U. P. R. Co., 106 N. Y. 579, 13 N. E. 587; Viner v. N. Y., etc., L. S. Co., 50 N. Y. 25; Laverty v. Snethen, 68 N. Y. 525, 23 Am. Rep. 184.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.