M’GiRk, C. J.,
delivered the opinion of the Court.
An action of trover was brought by Alexander McKinney against Himes, for taking and converting to his use fifteen thousand feet of pine plank. The defendant pleaded not guilty, verdict and judgment were given for the plaintiff for $160 25. It appears by the record that one Blankenship made his note to one Reed, to pay to him 15,000 feet of pine plank, that the note afterwards without it being shown how, came into the hands of McKinney, that McKinney put the note info the hands of one Lynch for collection, and made Lynch his agent for that purpose, that Lynch received from Blankenship about 5,000 feet of plank on the note, that then Lynch put the note into the hands of one McCutchen, to receive for McKinney the balance, and McCutchen did agree with him to receive the balance and convey the same down the Gasconade river and to deliver the whole to the plaintiff, that McCutchen did receive the balance of the 15,000 from Blankenship, and then received of Lynch what he had before received and took charge of the whole. While McCutchen was thus in possession, Himes the plaintiff in error, sued out an attachment against Reed as an absconding debtor, and caused the same to be levied on the plank as Reed’s in the hands of McCutchen: that afterwards Himes took possession of the plank, informing the Constable that the debt in the attachment was settled, anil directed the Constable to relinquish his possession as an officer, which he did: that Himes then sold the plank to McCutchen and one Samuel Ward, who carried the same down the Gasconade river, sold the same on their own account and used the money; it was also proved, that during the time the note was in McCutchen’s hands, there was an assignment on the same from Reed to McCutchen, that when the note was paid H was delivered to Blankenship, who tore his name off and that the note was destroyed. That McKinney delivered the note to Lynch as his property.
On this state of facts the defendant moved the Court to instruct the jury, if they believe from the evidence the defendant ordered the Constable to levy on the plañís *271 in the custody of the plaintiff’s agent, and without having injured or removed the same from the place where it was when levied on, and that the same was returned by the defendant to the plaintiff’s agent, then they can only find for the detention and not for the value. The Court refused this instruction and rightly too, because this instruction as asked, does not go to the whole case; there was farther testimony showing the defendant’s acts did not stop here; he sold the plank as his own after the attachment was raised.
The defendant then asked the Court to instruct the jury, that if they believe the defendant came into possession of the plank by legal means, then the jury must find for the defendant, unless they also find the plaintiff, before he brought his suit, made a demand of the plank of the defendant, which instruction the Court refused. This instruction was correctly refused, because the law is, that although the defendant in trover became legally possessed of the goods, yet if he actually convert them to his use, then no demand is necessary. The Court then instructed the jury that the defendant had given no evidence to show that the property in the plank was in any other person than himself. This instruction though unnecessary and uncalled for, was in point of fact true. Possession by the plaintiff or his agent was sufficient to entitle him to .recover. This rule as applied to this case was correct. The third instruction given was, that if the defendant converted the plank to his use, by selling and permitting it to be removed and the plaintiff was in possession of his own property, the jury should find for the plaintiff. This instruction was correct.
Fourth. That they have nothing to do with the title of the note, whether the leghl title was in the plaintiff or not.
And fifth. That if the debtor chose to deliver the plank to the plaintiff in good faith and receive his note, the right of the plank vested in McKinney. These instructions were unquestionably correct as applied to this case, because the plaintiff was prima, fade the owner of the note.
McCutchen never claimed if, undertook to be the agent to receive the plank for the plaintiff and did do so. Himes as far as we can see, had no earthly title, yet he sold the plank.
We cannot see any reason to reverse the judgment. It is therefore affirmed, with costs.