Ross, Defendant in Error, v. CLARK *et al.*, Plaintiffs in Error.

1. To authorize the lender of a chattel to recover its value of the borrower, it must appear that it has been lost or destroyed through the negligence of the latter or has been converted to his use; there can be no recovery as for a conversion of the chattel, where the evidence merely shows that there was a loan and a failure on the part of the borrower to return the thing borrowed; a demand must be shown.

### *Error to Ralls Circuit Court.*

The following is the instruction referred to in the opinion of the court : " The court instructs the jury that if the jury believe from the evidence and circumstances proved in the cause that the defendant David Clark authorized his son James Clark to borrow plaintiff's bull for him the said David, and that the said James as agent of the said David did borrow said bull from plaintiff for his father, the law implies a contract upon the part of the said defendant David Clark to return said bull within a reasonable time, and the jury ought to find a verdict for plaintiff against said David, unless they further find from the evidence that said David did return said bull to plaintiff within a reasonable time after said borrowing." The court also refused the following instruction asked by the defendants : " Unless the jury find that the plaintiff, before this suit was instituted made a demand on the defendants for the return of the bull and defendants refused or neglected to return said bull, plaintiff can not recover, and the jury will find for defendant." The jury found the plaintiff " entitled to the sum of twelve dollars for the bull, to be paid for by David Clark, who borrowed said animal."

*Porter & Harrison* and *Wellman*, for plaintiffs in error.

I. There was no proof tending to show any actual conversion of the property loaned; a demand and refusal were necessary to make out a *prima facie* case. The instruction given was erroneous. The court also erred in refusing the instruction asked by defendants. (2 Greenl. on Ev. § 644.)

*Southworth & Lancaster*, for defendant in error.

I. The instruction given by the court contained no error. The instruction asked by defendants was properly refused. (Story on Bailm. § 257.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff sued the defendant for the value of a bull alleged to have been loaned to the defendant and not returned. It may be inferred from the bill of exceptions that the defendant borrowed a bull belonging to the plaintiff, which has not been returned; but it does not appear when the bailment was made, nor that the time has expired for which it was made, nor whether a demand was ever made, nor whether the animal was dead or lost, or had ever been claimed or converted by the defendant.

In the case of a gratuitous loan, the borrower is bound to take proper care of the thing borrowed, and to restore it at the proper time; and if no particular time is agreed on, it is his duty to return it in reasonable time; and, as the loan is exclusively for his benefit, he is bound to extraordinary diligence and is responsible for slight neglect in relation to the thing loaned. But the lender can not at his pleasure convert a loan into a sale without showing any thing more; and, to authorize him to recover the value of the thing loaned, it must appear that it has been lost or destroyed by the borrower's negligence, or that he has converted it to his own use. Where however a demand is made, the party must return the property or give some account how it is lost. When the circumstances show a loss by the defendant's negligence or establish a conversion, a demand is not necessary, but generally when the defendant in the first instance became lawfully possessed of the goods and the plaintiff does not show an actual conversion or assumption of property by the defendant, he must prove a demand and refusal. (2 Saund. 1160; 1 Chitt. Pl. 180.) If the borrower fails in his duty to return the thing loaned in a reasonable time, that fact by itself will

not entitle the lender to recover its value in money. The second instruction therefore given by the court was erroneous.

Judge Napton concurring, the judgment will be reversed and the cause remanded. Judge Scott not sitting.