A. D. HAWKINS, ADMINISTRATOR, Respondent, v. TAYLOR & BUSH, GARNISHEES; W. F. JOYNER, INTERPLEADER, Appellant.

### March 4, 1884.

1. REPLEVIN. — The order of delivery in replevin gives only a temporary right of possession and confers no title to the property.

2. —— A plaintiff in replevin, into whose possession the property is delivered can not sell the property, so as to defeat the title of the owner.

3. —— PRACTICE — ATTACHMENT — PROCEEDINGS IN SISTER STATES — STAY. — The plaintiff in an action of replevin in another state, having tortiously removed the property to this state and sold it, and the purchaser having been summoned as garnishee in attachment proceedings begun in this state by the defendant in replevin, the court, having acquired jurisdiction of the fund, will stay proceedings until a determination of the replevin suit.

APPEAL from the St. Louis Circuit Court, ADAMS, J.

*Reversed and remanded with instructions.*

ROBERT CRAWFORD, for the appellant: The plaintiff in replevin succeeds to the interest of the defendant in the property — his bond is substituted for the goods — *Acker* v. *White*, 25 Wend. 616. He could sell the property pending the replevin suit and give a good title. — Wells on Replevin, sects. 476–480.

A. MOORE BERRY and CHAS. B. STARK for the respondent: The effect of a writ of replevin is not to divest the title or the lien of the defendant; this can be effected only by the judgment of the court after a hearing. — Wells on Replevin, sect. 476; *Lockwood* v. *Perry*, 9 Metc. 440; *Kayser* v. *Stern*, 5 Kan. 202. Neither can the lien or special property acquired by an officer by reason of a levy be divested by a writ of replevin, but exists notwithstanding it. — Wells on

Replevin, sect. 477 ; *Hunt* v. *Robinson*, 11 Cal. 272; *Evans* v. *King*, 7 Mo. 411; *Rives* v. *Wilborne*, 6 Ala. 47; *Goodheart* v. *Brown*, 2 Bradw. 578. The mere delivery to the plaintiff in replevin of the goods for which the writ was sued out, does not tend to prove property in him. — *Lovett* v. *Burkhardt*, 44 Pa. St. 173. The property held by an individual under a bond in replevin is *in custodia legis* the same as if it had remained in the possession of the officer. — *McKinney* v. *Purcell*, 28 Kan. 446. And the real owner is entitled to recover of an innocent purchaser property sold while thus in custody. — Wells on Replevin, sect. 476 ;. *Hunt* v. *Robinson*, 11 Cal. 262 ; *White* v. *Dolliver*, 113 Mass. 402.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sued B. F. Story by attachment, and obtained a judgment for $221.84. Taylor & Bush were summoned as garnishees, and answered to the effect that they held the sum of $209.01 as the proceeds of six bales of cotton which had been consigned to them by W. F. Joyner for sale, as his property, but which were also claimed by the present plaintiff, as being the property of Story, and subject to a lien in favor of the plaintiff, for rent due upon a farm in the state of Arkansas. Joyner thereupon interpleaded, claiming the proceeds of the cotton, and the issue thus raised between the interpleader and the plaintiff is to be determined in this controversy.

One Renfro, claiming to be the owner of the Arkansas farm rented by Story, sued the latter by attachment before a justice of the peace in that state. Hawkins, the present plaintiff, interpleaded in that proceeding, and the justice thereupon dismissed the cause, as not being within his jurisdiction. Renfro appealed from this dismissal to the circuit court, wherein his appeal appears to be still pending. Hawkins, assuming that the farm was the property of his intestate, also sued Story by attachment, for

rent, and obtained a final judgment, on which execution was issued and placed in the hands of the sheriff. The officer levied on the cotton which underlies this controversy, and advertised it for sale. Renfro then instituted replevin against the sheriff, gave the statutory bond, and took the property into possession. He next sold and delivered the cotton to Joyner, who had been his attorney in all the litigation here recited, and Joyner shipped it to Taylor & Bush, the garnishees, to be sold on his account. Renfro's replevin suit, as it appears, is still pending and undetermined in Arkansas.

Thus the parties occupy these several positions.: Joyner, who was Renfro's attorney, and therefore cognizant of all Renfro's rights and liabilities, can claim nothing which his client might not claim, and must therefore be treated as if he were Renfro himself, here appearing as the interpleader. He holds the rights, and none other, which pertain to the position of a plaintiff in replevin who has obtained temporary possession of the property in controversy, pending the litigation. Hawkins may assert the rights, and none other, of a defendant in the same replevin suit. He has obtained a judgment establishing his lien upon the property, but Renfro was not a party to that proceeding and is not bound by it. Hawkins, moreover, was duly substituted as defendant in the replevin suit in Arkansas, in place of the sheriff.

But for Joyner's tortious act, in removing the property beyond the jurisdiction in which the title was undergoing judicial investigation, he might here successfully plead his present right of possession as a bar against any claim of Hawkins. He has clearly forfeited that advantage, however, by an unlawful conversion which jeopardizes the rights of the true owner, and the authority of the courts to enforce those rights. The Missouri courts, having acquired a jurisdiction over the fund realized from that conversion, must address themselves to a protection of the ultimate rights of the several parties.

The order of delivery in replevin confers no title. It gives only a temporary right, which may terminate upon a judgment against the plaintiff. He can not sell the property, so as to defeat the title of the real owner. *Bruner* v. *Dyball*, 42 Ill. 34. He has, however, a possession which the defendant, or the real owner, has no right to disturb. The property is in the custody of the law. *Hagan* v. *Lucas*, 10 Pet. 400.

Such being the several attitudes of the parties, respectively, it would appear that neither has shown a right of recovery in the interplea proceeding. The plaintiff should not recover because that would be in derogation of the judicial authority of a sister state, which has undertaken to examine and determine the extent of his right, in this very matter. It would permit him to set at naught a right of temporary possession not yet expired, which has been guaranteed to Renfro, or to Joyner, by the laws of Arkansas. Joyner should not be permitted to recover, because that would effectuate and give a judicial sanction to his attempted evasion of the same authority which he has evoked for the protection of his alleged title, and would further jeopardize the rights of the real owner, as he may be identified by the result of the Arkansas litigation.

For these reasons, the judgment in favor of Hawkins should be reversed. The cause will be remanded, with directions that the plaintiff may, if he will, ask for a stay of further proceedings, until the pending litigation in Arkansas shall be determined; which stay, if thus prayed for, will thereupon be granted. This privilege is proper, in view of the fact that the issue is forced upon him by the interpleader, who has intervened in a legitimate effort on the part of the plaintiff to enforce his judgment against Story. If the plaintiff declines to make the application indicated, judgment will be rendered in favor of the interpleader. All the judges concur.