KNIPPER v. BLUMENTHAL, *Administrator, Appellant.*

DIVISION ONE.

1.  Conversion : DEMAND. Where a party becomes legally possessed of goods and actually converts them to his own use, no demand is necessary before bringing suit.

2.  Practice, Civil : PETITION. There is but one form of action in this state and the plaintiff need only make a concise statement of the facts upon which he seeks to recover.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Frank, Dawson & Garvin* and *Chas. W. Bates* for appellant.

(1) Where the petition admits defendant's possession of property, alleged to have been converted, to have been originally rightful, a demand and refusal is necessary to transform a mere detention into a conversion; and this defense is available in this action under a general denial. *Nanson v. Jacob*, 93 Mo. 340; *Dusky v. Rudder*, 80 Mo. 400. (2) A party receiving a negotiable promissory note from the owner to raise money on for his own benefit does not commit a wrongful conversion if he sells the notes or collects them when due and appropriates the proceeds to his own use, where no restrictions have been placed on the manner of raising money on them and a return of the notes themselves is not contemplated by the parties. *Borland v. Stokes*, 120 Pa. St. 278; *Armacost, Adm'r, v. Lindley, Adm'r*, 116 Ind. 295; *Kinney v. Railroad*, 82 Ala. 368; *Jones v. Hodgkins*, 61 Me. 480; *Ensworth v. Barton*, 60 Mo. 511; *Brown v. Bowen*, 90 Mo. 184. (3) Where one essential allegation of the cause of action remains unproved in its entire scope and meaning, there is a total failure of proof, to which the statutes of variance and amendments do not apply, and the verdict must be set aside as contrary to the law and the evidence whenever this objection is raised. R. S. 1879, sec. 3702; R. S. 1889, sec. 2238; *Reed v. Bott*, 100 Mo. 62; *Hewitt v. Doherty*, 25 Mo. App. 326; *Krider v. Milner*, 99 Mo. 149; *Alexander v. Harrison*, 38 Mo. 267.

*W. M. Kinsey* for respondent.

(1) A request for the loan of an article, and delivery thereof in compliance with such request, implies a promise on the part of the borrower to return it, and in such case it is not necessary to aver and prove an express promise to return, since proof that the thing

was borrowed necessarily supports an averment that there was a promise to return. Story on Bailments [9 Ed.] sec. 257. (2) The notes borrowed from respondent in this case could have been used in one of three ways only by appellant's intestate in order to "raise money." *First.* They could have been pledged as a collateral security to her principal undertaking to repay any money which she might have borrowed. *Second.* They might have been discounted or "cashed" by her, or, *third*, she might have held them until maturity, and then collected them from the maker. The first use would have been consistent with a promise and intention to return to the lender, since the borrower would thus have retained the legal right to recover possession from her pledgee upon discharging her principal undertaking, and such use would not have been a conversion. To have used them, however, in either of the other two ways would have been wholly inconsistent with any agreement to return, since the borrower would have thus put it out of her power to comply with such agreement and absolutely deprived the lender of her property in the notes. Either of the latter uses would, therefore, have been a conversion. *Railroad v. Mehrbach*, 50 N. Y. Superior Court, 1. (3) In case of gratuitous loan, like the one under consideration, the borrower is held to extraordinary care and strict compliance with the agreement inferred from the manner and purpose for which the thing was borrowed. *Ross v. Clark*, 27 Mo. 550 ; Story on Bailments [9 Ed.] secs. 237, 255, 257. (4) Demand and refusal are evidential only, and, where a conversion is otherwise shown, it is wholly unnecessary to allege and prove a demand before suit is brought. *Howitt v. Estelle*, 92 Ill. 218 ; Wells on Replevin [Ed. 1879] sec. 349 ; *Ross v. Clark*, 27 Mo. 550 ; *Bank v. Metcalf*, 40 Mo. App. 502. (5) The use which the borrower of an ordinary promissory note may make of it differs from the use which may properly be made of stock, bonds or other public or commercial

securities obtained under like circumstances. The identical note borrowed must be returned, but in case of stocks, bonds, etc., those borrowed may be replaced with others of the same class and amount. Story on Bailments [ 9 Ed.] secs. 219, 220 ; *Atkins v. Gamble*, 42 Cal. 100.

THOMAS, J.—This action is for the recovery of the sum of $2,876.80.

Plaintiff alleged that Amadee Berthold executed and delivered to defendant's intestate two promissory notes, dated March 5, 1883, payable two years after date, with interest at the rate of eight per cent. per annum, one for $1,400, the other for $1,008, and that these notes were, in July, 1883, indorsed by said intestate, and delivered to plaintiff for value. The petition then proceeded as follows :

" Plaintiff still further states that in said month of July, 1883, the said Josephine Farnsworth requested plaintiff to loan her said notes for the purpose of using them as collateral security for the benefit of said Farnsworth, and that, in pursuance of said request, and upon the promise of said Farnsworth to return them, plaintiff did deliver said notes to her for such purpose. That afterwards said Josephine Farnsworth sold said notes, received the proceeds thereof and converted the same to her own use ; that said notes were paid in full by the maker thereof at their maturity, and that said Farnsworth always neglected and refused to either return said notes to plaintiff, or account to her for their value, but on the contrary wrongfully kept and appropriated them to her own use, as aforesaid, by reason whereof the amount of said notes was wholly lost to plaintiff, to her damage in the sum of $2,876.80 ; wherefore, she prays judgment against the defendant as administrator of the estate of said Josephine Farnsworth for the sum of $2,876.80, and cost of this suit."

Knipper v. Blumenthal.

The answer was a general denial, and an affirmative plea based on the theory that the notes described in the petition were never the absolute property of plaintiff, and if ever in her possession it was as collateral security only, for the payment of a claim for money and goods loaned and advanced Josephine Farnsworth, which claim was presented by plaintiff against the estate in the probate court for $903.38, and allowed by that court for $882.98, and judgment rendered thereon March 24, 1887, eighty per cent. of which had been paid, and the balance of which would be paid as fast as the assets of the estate could be collected.

The reply to the new matter in this answer was a general denial.

The court instructed the jury as follows: "The jury are instructed as a matter of law, that, if they believe from the evidence that the notes in question belonged to plaintiff in July, 1883, and that they were loaned to the deceased Josephine Farnsworth, to be temporarily used by her as collateral security for money borrowed or to be borrowed by the deceased, and that when said purpose was accomplished said notes were to be returned to plaintiff, and if you further believe from the evidence that the deceased, Josephine Farnsworth, collected, sold or otherwise disposed of said notes for her own use and benefit, and so as to deprive plaintiff of said notes without her consent, this, if proved to your satisfaction by the evidence in this case, will amount to wrongful conversion of said notes by the deceased and no demand for the possession thereof need be made by plaintiff before commencing suit to recover the value of said notes."

The jury found the issues for the plaintiff, and judgment was accordingly entered and the case is here on defendant's appeal.

The defendant, in his brief, says: "Inasmuch as one defense relied on both in the court below, and here, namely, a total failure of proof of the cause of action

sued on, appears to us amply sufficient to entitle the defendant to a reversal; for sake of brevity we will concede, for the purpose of this appeal only, that the defendant failed to prove his affirmative defense, and that plaintiff, just prior to giving up the notes to Mrs. Farnsworth (in July, 1883), was the real owner of the notes." In addition to the facts above conceded, the evidence tends to show that the intestate did receive the notes at the time, on the conditions and for the purposes set out in the petition, and that she collected the amounts specified therein from the maker, and converted the proceeds to her own use.

I.   The first contention is that, "when the petition admits defendant's possession of property alleged to have been converted, to have been originally rightful, a demand and refusal is necessary to transform a mere detention into a conversion." This is not the law. Where a party becomes legally possessed of goods, and actually converts them to his use, no demand is necessary before bringing suit. *Himes v. McKinney*, 3 Mo. 382; *Ross v. Clark*, 27 Mo. 549; *Battel v. Crawford*, 59 Mo. 215. Here the plaintiff alleges, and the evidence shows a conversion by defendant's intestate of the proceeds of the notes.

II.   A lengthy argument is made that this is an action of trover, and it is sought to apply to it the old technical rules of practice in regard to that form of action. In our state we have but one form of action, and the plaintiff is simply required to made a concise statement of the facts upon which he seeks to recover. The plaintiff in the case at bar stated facts, which if true entitled her to the relief she asked; upon proper instructions the jury found the facts thus alleged to be true, and we, therefore, think the judgment ought to be affirmed, which is accordingly done.   All concur.