BY THE

ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1897.

HARRISON HORINE, Public Administrator of Barry County, Missouri, in charge of Estate of RUTHERFORD EASLY, Deceased, Respondent, v. R. C. BONE, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Assumpsit Upon Waiver of Tort**: PROOF. In an action in *assumpsit* upon a waiver of the tort, to entitle plaintiff to a recovery, the proof must show a demand and refusal, or some act of conversion of some specific property.

2. **Verdict**: EVIDENCE. A verdict unsupported by substantial evidence will not be upheld.

3. **Instruction.** An instruction referring to property, not sued for in the action, as "actually realized" by defendant, is misleading and erroneous.

4. **Conversion**: MEASURE OF DAMAGES. The measure of damages for conversion is the value of the property at the time of the conversion, and not what was paid for it, or for what it was sold.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Pepper & Steele* for appellant.

Every substantive fact which plaintiff must prove to maintain his action, should be alleged. *Harrison v. R. R.*, 50 Mo. App. 332; *Mfg. Co. v. School District*, 54 *Id.* 371.

If plaintiff had waived the tort, and based his cause of action on an implied contract, then he should have set forth the facts from which the promise is inferred by law. Pom. on Rem. [2 Ed.], sec. 568; *Bird v. Meyer*, 6 Wis. 362.

The testimony of the witness that Easly gave no "marked evidence of receiving benefits" from the farm, and the testimony as to what property was on the farm when defendant took possession, should have been excluded. Greenlf. Ev. [13 Ed.], sec. 51 a.

Simply showing possession of property, if it be lawful, is not sufficient to establish a conversion. *Ross v. Clark*, 27 Mo. 549.

An instruction is erroneous which assumes as a fact that which is in issue, and which fact the jury are required to pass upon. *Peck v. Ritchey*, 66 Mo. 114; *Farrar v. Davis*, 33 *Id.* 482; *Chouquette v. Barada*, 28 *Id.* 491; *Merritt v. Given*, 34 *Id.* 98; *Bank v. Crandall*, 87 *Id.* 208.

The instruction is erroneous in telling the jury that plaintiff was entitled to recover interest on the value of the corn, wheat and hay, in the absence of any allegation in the petition that any interest was due on the demand, or prayer for interest. *Wright v. Jacobs*, 61 Mo. 19; *Ashby v. Shaw*, 82 Mo. 76; *Shackley v. Fisher*, 21 Mo. App. 551.

The judgment is excessive and erroneous in including interest. *Van Riper v. Morton*, 61 Mo. App. 440.

*N. Gibbs* and *T. M. Allen* for respondent.

The petition and account are in the usual form used in actions brought on matters between landlord and tenant. Green & Meyer's Mo. Prac. & Pl., sec. 703:

Under our code, a person may waive the tort and sue on a contract. *Friday v. Bryson*, 84 Mo., at 670.

Payment or any other extrinsic matter that might defeat or lessen a recovery, must be pleaded by the defendant. *Agrl. & Mech. Assoc. v. Delano*, 37 Mo. App. 284, at 288; 108 Mo. 217; R. S. 1889, sec. 2049.

There was no error in the instructions, except as to interest, which has been remitted, and is now out of the case. R. S. 1889, sec. 2303.

Respondent having filed his remittitur for the interest, the judgment should be affirmed. *State ex rel. v. Hope*, 121 Mo., at 42; *Shackley v. Fisher*, 21 Mo. App. 557.

BOND, J.—This suit was begun by the curator of an insane person. Upon the death of these persons it was revived in the name of the present plaintiff, the public administrator. The statement of account is as follows:

| | | |
|---|---|---|
| 1883. | To 1-3 of 20 acres corn or 200 bushels at 25 cents...... | $50 00 |
| 1883. | To 1-2 of 14 acres hay or 14 tons, at $7.00...... . ....... | 98 00 |
| 1884. | To 1-3 of 600 bushels corn, or 200 bushels, at 25 cents .... | 50 00 |
| 1884. | To 1-2 of 12 acres hay, or 12 tons, at $7.00.............. | 84 00 |
| 1885. | To 1-3 of 263 1-2 bushels wheat or 87 1-2 bushels, at 75 cents.................................... .................... ..... | 65 60 |
| 1885. | To 1-2 of 12 acres hay or 12 tons, at $7.00 .............. | 84 00 |

The answer was a general denial. In November, 1882, defendant took a lease on the farm of plaintiff's

intestate for a term of three years and four months, agreeing to pay therefor one half of the hay put up in stacks, one third of the corn to be delivered in the crib, and one third of the wheat and oats to be delivered at the thresher. There was evidence tending to prove that defendant occupied the premises during the term of the demise to him; also that fourteen acres of the farm were in meadow during these years. The son of the plaintiff's intestate testified that he did not remember how much of the farm was cultivated in corn in 1883; he thought there might be twenty to thirty acres, adding, but "I do not remember." He further stated: "I don't know that I could say what really that corn crop that year should have been worth. I don't know as I could make an estimate that would be worth anything definite. The corn crop though ought to have been worth — it ought to make thirty-five or forty bushels." He said he thought that there must be twelve to fourteen tons of hay in one half during 1883, and that hay was worth from $6 to $8 per ton. He stated that corn sold for seventy-five cents per bushel that year. He did not remember what portion of the farm was in corn in the year 1884. He did not know as to the crops grown in 1885. He did know that one year of the three for which the farm was leased there was high water, which washed away the fences and the stock ran on the farm. He further stated that there were one thousand bushels of corn on the farm when defendant took possession under his lease. When asked whether any rents had been paid to his father, he replied: "My father didn't give any marked evidence of ever receiving any benefits from the place." Plaintiff also introduced J. W. Banks, who testified to wit: "I lived a half mile from the Easly farm in '83, '84 and 1885, on an adjoining farm and knew Easly in his lifetime and knew Mr. Bone while he lived

on Mr. Easly's farm. I don't remember how much was in corn and wheat in 1884. I guess Mr. Bone had about twenty-five or thirty acres in cultivation. My opinion is that the land would produce about thirty or thirty-five bushels to the acre. Corn was worth about twenty-five cents a bushel. I remember the high water washing off the hay one year when Mr. Bone lived there, and if there was any corn in the bottom land that year it was washed off also." Lot Banks, witness for plaintiff, testified, to wit: "My farm joins Mr. Easly's farm and I knew Mr. Bone when he lived on it. I don't know how much corn or wheat he raised on the farm any year. I saw him cutting wheat there one year. I don't know how much was in cultivation. I suppose about fifteen acres, and it wouldn't average more than twelve bushels. I don't remember what wheat was worth then. I think there was twelve or fourteen acres in meadow. Hay is generally worth from eight to ten dollars a ton. It was good hay. I think it ought to make one and one half tons to the acre." Defendant's evidence tended to show that the crops were washed away in 1884; that the wheat crop of 1883 belonged to Mr. Dent, and that the crops in 1885 were taken charge of by the curator of plaintiff's intestate. The jury returned a verdict for plaintiff for $364.09. Defendant appealed. Plaintiff filed a *remittitur* in this court of $134.07 to cover an allowance of interest in the verdict.

The only theory on which this action can be sustained under the evidence is, by treating it as one in *assumpsit* upon a waiver of the tort. *Finlay v. Bryson*, 84 Mo. *loc. cit.* 670. Under the contract expressed in the lease plaintiff was entitled to receive in specie a certain proportion of the crops grown on the premises. Defendant

ASSUMPSIT upon waiver of tort: proof.

was lawfully in possession of the crops as tenant and cultivator of the land, and if he failed to comply with his contract, was liable in an action for its breach, or in an action of *assumpsit* (like the present) upon a waiver of the tort for the value of any part of the property belonging to plaintiff which defendant converted to his own use. To recover in the latter form of action, it is indispensable that the proof should show either a demand and refusal, or some other distinctive act of conversion of some specific property. *Ross v. Clark*, 27 Mo. 549; *Knipper v. Blumenthal*, 107 Mo. 665. The evidence to establish conversion must be adduced, although the action is *assumpsit* upon an implied promise to pay for the property converted. Applying this rule to the present case it is plain that

VERDICT: evidence.

there is no substantial evidence that the defendant converted any specific property in his hands which belonged to plaintiff. In the first place the testimony introduced to show what was grown on the farm during the defendant's term, is little more than a guess or surmise. Again, none of the witnesses testified as to any act of conversion on the part of the defendant of any specific property in his hands belonging to plaintiff. Verdicts must rest upon some substantial evidence. As the present is unsupported it can not stand.

As this case must be retried it may be well to call attention to an inaccuracy in the instruction given for

INSTRUCTION.

plaintiff where it refers to the "*corn actually realized*" by defendant. There was evidence tending to show that one thousand bushels of corn were on the farm when defendant went in possession. He is not sued in this action for that corn, hence the above language of the instruction might have misled the jury. Again, the measure of damages for

CONVERSION:
measure of
damages.

conversion is the value of the property at the time it was converted and not what was paid for it, nor what it sold for. On the next trial the evidence on this point should be restricted to the value of the property at the time of its alleged conversion. For the foregoing reasons the judgment in this case will be reversed and the cause remanded.

All concur.