Mohr v. Langan.

CLARA C. MOHR, Respondent, v. WILLIAM O. LANGAN et al., Appellants.

77 481
s162s 474
162s 481

St. Louis Court of Appeals, December 13, 1898.

1. **Joint Trespass:** CONVERSION OF PERSONAL PROPERTY. A trespass may be joint and any number of persons acting for another in its commission are equally with him liable in damages and may be sued either jointly or severally. The mere possession by appellant of the property of plaintiff as an innocent depositary, would not of itself make out a case of conversion, but in the case at bar, his further action in dissipating that property and turning it into money was sufficient to make out a case of conversion in favor of the true owner and the wrongdoer is liable, irrespective of any intent on his part to prejudice the rights of the owner.

2. ———: ———: PRIVIES: EVIDENCE. In the case at bar the relationship of appellants to Mrs. Smith—growing out of their recognition of and defense under her title—is virtually that of privies, and whatever plaintiff might show against her title is equally available against appellants in this action.

3. **Replevin:** ORDER OF DELIVERY: TITLE. An order of delivery in replevin confers no title.

VOL. 77 app—31

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

TRANSFERRED TO SUPREME COURT.

O. J. and R. LEE MUDD for respondent.

The possession of Smith as plaintiff in replevin "gave her no right or authority whatever to sell or dispose of the goods." A plaintiff in replevin, obtaining possession through the writ and bond, acquires no title through such possession. He becomes merely a custodian pending the suit and for the purposes of the suit only. The property, whether in the hands of the officer or a bonding plaintiff, remains "in *custodia legis*." Cobby on Replevin, sec. 705, p. 374; Hawkins v. Taylor, 15 Mo. App. 328; Lockwood v. Perry, 9 Met. (Mass.) 440 loc. cit. 445; Bruner v. Dyball, 42 Ill. 34 loc. cit. 37; Hagan v. Lucas, 10 Pet. (35 U. S.) 400, loc. cit. 404. Last two cases approved in Hawkins v. Taylor, *supra*. The records of the proceedings in the replevin suit were competent evidence. They were not '*res inter alios.*' Defendants are charged in the pleadings, not with conversion direct, but the charge is that "the defendants then and there did aid, abet, assist, encourage, and countenance the said Smith in said wrongful conversion of said property." They defend by asserting Smith's title and they are privies with her to said proceedings. Calkins v. Allerton, 3 Barb. (N. Y. Sup.) 171; Hughes v. United Pipe Lines, 119 N. Y. App. 423; Green v. Clark, 12 N. Y. 343; Burton v. Williamson, 18 Vt. 186. But the said evidence was relevant and competent to show the relations of the parties to the possession of the property. It was necessary that plaintiff prove the termination of the replevin action in her favor. She could make no

demand for the property until the final determination of that suit in her favor, because the right of possession in the plaintiff in replevin was paramount to that of even the true owner pending the suit. The records were competent on this head. 2 Burr W. Jones on Law of Evidence, sec. 607; 2 Black on Judgments, sec. 604. The objections were general, and if the evidence were competent for any purpose the objection should be overruled. Jamison v. Bagot, 106 Mo. 240. Appellants made no attempt at the trial to limit the scope of the effect of the evidence, by instructions. They stood on their general objections. Even if error was committed in receiving this evidence, it is not reversible because Mrs. Mohr's title to the property was not contradicted, or put in issue at the trial. No demand was necessary before bringing the suit. The evidence shows that the replevin suit, wherein A. E. Smith replevied these same goods from the plaintiff was tried in the circuit court on March 4, 1895, resulting in a verdict and judgment in favor of defendant. * * * Until the judgment of the circuit court was affirmed in this court his plaintiff had no right to the possession of the goods. * * * Long before this time the goods had been sold and converted into money by Smith with the aid of these defendants, and no demand was necessary. Rosum v. Hodges, 9 L. R. A. 817; Bruner v. Dyball, 42 Ill. 34; above case approved in Hawkins v. Taylor, 15 Mo. App. 238; Ross v. Clark, 24 Mo. 549; Knipper v. Blumenthal, 107 Mo. 665. * * * But when, in the language of this instruction "the defendant Langan caused said goods to be hauled or carried from his said warehouse or storage room to an auction house, with knowledge that said goods were to be sold and disposed of at said auction," he stepped outside of his privileges as a bailee and became the active agent of Smith in

converting the property. In this attitude it is immaterial to his liability whether he did or did not know of plaintiff's ownership. Swim v. Wilson, 13 L. R. A. 607; Omaha, etc., Smelting Co. v. Tabor, 5 L. R. A. 236; Meachem on Agency, sec. 573, p. 405; Id., sec. 574, p. 405.

KINEALY & KINEALY for appellant Langan.

Plaintiff's first instruction is erroneous that Mrs. Smith's possession of the property under her order of delivery "gave her no right of authority whatever to sell or dispose of said goods." Mrs. Smith had a right to sell the goods, and she was thereby guilty of no act of conversion, and plaintiff in the cause at bar could in no event be entitled to a judgment. Donohoe v. McAleer, 37 Mo. 312. The court erred in permitting plaintiff to introduce the record and proceedings in the case of Smith v. Mohr, as they were clearly *res inte.* *alios acta.* This error was accentuated by the giving of plaintiff's instruction number 5. Strauss v. Ayers, 87 Mo. 350. The court erred in refusing to permit plaintiff to answer appellants' questions as to whether or not plaintiff made any demand on appellants for the personal property in question. There could be no conversion on the part of the defendant Langan, who was a public warehouseman and had the goods on storage, until plaintiff made known her claim to the property and demanded same. Ross v. Clark, 27 Mo. 549; Bank v. Metcalfe, 40 Mo. App. 499; Horine v. Bane, 69 Mo. App. 486. Plaintiff's instruction number 2 is erroneous. No demand had been made on Langan, the warehouseman, by plaintiff, and, therefore, when Mrs. Smith appeared with the warehouse receipt and demanded the property he had to deliver it to her, and even if he had, at the request of Mrs. Smith, "caused said goods to be hauled or carried from said warehouse

or storage room to an auction house, with knowledge that said goods were to be sold and disposed of at said auction house," he would not have been guilty of a conversion. Moreover, the instruction is erroneous further in telling the jury that "it is not material to such conversion whether said defendant, Langan, at such time, knew of plaintiff's ownership of the goods or not." Schouler's Bail & Carriers, sec. 60; Story on Bailments, sec. 108; Edwards on Bailments, secs. 54 and 353; Pulliam v. Burlingame, 81 Mo. 111. Defendant Langan's instruction (a) should have been given, as it is a concise and correct statement of his duty as a warehouseman. See citations under point III. There being no evidence in this case of a demand on Langan for these goods, either while they were in his warehouse or at any other time the court committed error in modifying Langan instruction C. See citations under points 2 and 3.

RUFUS J. DELANO for appellant R. U. LEONORI, JR.

Failing to connect plaintiff with Leonori at the close of her case, the motion for a nonsuit should have been granted. The general denial does not dispense with proof of demand when demand and refusal is necessary to show a conversion. Piano Mfg. Co. v. N. Fac. I. Co., 51 Minn. 167. The records of the court in Mohr v. Smith were improperly admitted as against Leonori, contrary to his objections. Also with the same respect as to interviews between Mohr, Smith and Langan prior to Mrs. Mohr's call upon Mr. Leonori after her suit was decided in the court of appeals. Wood v. Ensel, 63 Mo. 193. There is no evidence to show that Mr. Leonori knew or knew of Mrs. Mohr, or any claim by her, prior to her call at his place of business. After her goods were sold, as she alleges, she calls upon Mr. Leonori. In her evidence

she does not at any time identify them as being in Leonori's possession. There was no proof of possession, sale, identification, or demand. There was no conversion by Leonori. Nanson v. Jacob, 93 Mo. 340; Hovey v. Bromley, 85 Hun. 540; Piano Mfg. Co. v. N. Pac. I. Co., 51 Minn. 167; Parker v. Bank, 54 N. W. Rep. 313; Poppers v. Peterson, 33 Ill. App. 385; Cooley on Torts, p. 530; Bank v. Metcalf, 40 Mo. App. 499. In the case of Lafayette County Bank v. Metcalf, 40 Mo. App. 499, the conversion was of beef cattle for consumption, and the court held that there was a conversion only by reason of a consumption of the property and inability of plaintiff to follow his title; plaintiff having no notice of the sale until nine months after the sale. In the present case the articles claimed to have been sold were furniture, easily traced by plaintiff if her property had been sold by Leonori, provided she had made an effort to do so. Plaintiff's evidence does not show that Leonori ever received plaintiff's property, or that he ever sold it. It does not show what he received or sold.

It does not give any evidence (even granting that he did sell property of hers) as to what condition it was in (if any was received from Langan); nor the market value thereof, so as to bind him upon an innocent conversion. Mr. Leonori can not be bound by vague, idle or inferential conclusions of the plaintiff.

BOND, J.—Plaintiff sued William O. Langan and R. U. Leonori, Jr., for the conversion of certain household goods claimed by plaintiff. The allegation of the petition as to the conversion being, to wit: "And the plaintiff further says that the defendants then and there did aid, abet, assist, encourage and countenance the said Smith in said wrongful conversion of said property." The defendants filed separate

answers of a general denial. On the trial plaintiff dismissed as to R. U. Leonori. The evidence adduced by plaintiff tended to prove that she was the defendant in a replevin suit instituted by Mrs. A. E. Smith for the property described in the petition in this case, which was finally decided in her favor on appeal to this court (64 Mo. App. 39); that after judgment in her favor in the circuit court upon the mandate of this court, she elected to take the property replevied, rather than the assessed value; that she demanded the same of the said Mrs. Smith, and did not receive it, but ascertained that Mrs. Smith with the assistance of defendant Langan, had removed the property from a storage house owned by Langan, where it had been kept, and had sent it to an auction store kept by defendant R. U. Leonori, Jr., and placed it there for sale in Langan's name; that the property was sold by such auctioneer (R. U. Leonori, Jr.), and the proceeds, less charges, were paid by him to Mrs. Smith. It further appeared that defendant Langan was aware of the pendency of the replevin suit, and was a witness for Mrs. Smith in that case, testifying, among other things, to the value of the property, and that it was then stored with him. Plaintiff also gave evidence that the value of the goods in dispute was worth from $500 to $600. At the conclusion of plaintiff's case, defendant R. U. Leonori, Jr., demurred to the evidence; his demurrer being overruled, he declined to introduce proof, and renewed his demurrer at the end of the trial. Defendant Langan gave evidence that he was engaged in the storage business; that the goods in dispute were stored with him by Mrs. Smith from June 19, 1894, to March 20, 1895, when he redelivered them to her, she paying charges for storage and charges for transportation to the Leonori auction house. He admitted the account of sales of the

goods in controversy made out by the auctioneer was rendered in his name, which he stated was without his authority and without his knowledge. He also stated that he did not know who wrote a pencil direction contained on the warehouse receipt given by him to Mrs. Smith, to wit: "Send to Leonori, auction house;" that the goods were auctioned off by Leonori, and the proceeds, less his charges, were paid by his check to Mrs. Smith. Plaintiff recovered judgment against both defendants for $592.91, of which she remitted $92.91. After the overruling of their motions for new trial defendants appealed and submit separate briefs and separate assignments of error in this court.

Appellant Leonori, Jr., insists that his demurrer to the evidence at the close of plaintiff's case should have been sustained for two reasons. *First*, because the petition failed to state a cause of action against him. *Secondly*, for want of evidence tending to show any liability on his part. The petition in the quotation, *supra*, clearly and distinctly charges each of the appellants with directly aiding and abetting a third person in the conversion to her use of the property of plaintiff. In other words, it charges a joint trespass by the defendants for the benefit of Mrs. Smith. That a trespass may be joint and that any number of persons acting for another in its commisson are equally with him liable in damages and may be sued either jointly or severally, is the well established law. Hence there is no merit in the contention that the petition failed to state a cause of action against either of the defendants. Neither can appellants' (Leonori, Jr.) second ground of demurrer to the evidence be sustained. The evidence introduced in plaintiff's case tended to show that he sold her property, collected the price, and turned it over to another. It further tended to show that the property in question consisted of a

large number of personal effects, household goods, and cooking utensils, and having been auctioned off separately were so scattered as practically to put it out of the plaintiff's power to recover the goods. It is perfectly true that the mere possession by appellant R. U. Leonori, Jr., of the property of plaintiff as an innocent depositary, would not of itself make out a case of conversion, but his further action in dissipating that property and turning it into money was sufficient to make out a case of conversion in favor of the true owner. Koch v. Branch, 44 Mo. loc. cit. 546. In that case Judge BLISS states the general rule as follows: "It is not the fact that one takes possession merely of property, as a depositary or common carrier, that should charge him, but some action by which it is converted into something else, as into money or other property, either by sale, exchange or collection, or some other intermeddling inconsistent with the owner's right should be found in order to make the person responsible who has obtained innocent possession." If the physical facts show a conversion, the wrongdoer is liable, irrespective of any intent on his part to prejudice the rights of the owner. The Waverly Timber and Iron Co. v. St. Louis Cooperage Co., 112 Mo. 389, par. 5; Meachem on Agency, sec. 573, p. 405; 26 Am. and Eng. Ency. of Law, p. 73. Hence the second ground urged in support of appellant Leonori's demurrer to the evidence must be overruled.

It is next insisted on behalf of appellant Leonori, Jr., that the judgment and proceedings in the replevin suit were improperly admitted in evidence against him in this case, since no one is bound by the results of a suit to which he was neither a party nor a privy. This position would be well taken if appellant Leonori, Jr., had been charged with conversion in his own right or in the right of any one except Mrs. Smith, who was

adjudged in the replevin suit to have no title to the goods as against this plaintiff. But the only ground of liability alleged against either of appellants in this action is their conduct in aiding Mrs. Smith to sell plaintiff's property, and turning over to her its proceeds after sale. To prove the issue thus tendered it was competent for plaintiff to show by the final judgment in the replevin suit an adjudication that Mrs. Smith was *not* the owner of the goods, but that as against her they were the property of the plaintiff. Neither of the appellants claim any right to deal with the property except as the agent of Mrs. Smith, hence any evidence tending to defeat Mrs. Smith's title was admissible against any one defending thereunder. The relationship of appellants to Mrs. Smith—growing out of their recognition of and defense under her title—is virtually that of privies, hence whatever plaintiff might show as against Mrs. Smith's title is equally available against appellants in this action. For the foregoing reasons the court did not err in permitting respondent to show the judgment and proceedings in her favor against defendant's principal (Mrs. Smith) in the replevin suit.

Appellant further complains that there was no evidence of a previous demand and refusal before the institution of this suit. These need never be shown where there is independent evidence of a conversion. The check to Mrs. Smith, given by appellant Leonori, Jr.; for the proceeds received by him on the sale of the goods in dispute, furnished independent evidence of a conversion. There was, therefore, no necessity to prove that fact by other evidence. Horine v. Bone, 69 Mo. App. 486; Knipper v. Blumenthal, 107 Mo. loc. cit. 667, and cases cited.

Finally appellant Leonori, Jr., complains of the insufficiency of the evidence in plaintiff's case to identify

as hers the goods sold by him, and as to their value.
The evidence is that plaintiff recognized the descrip-
tion of her goods when Leonori, Jr.'s, bookkeeper read
over the list of those goods sent to the auction house
by appellant Langan. She also testified that the goods
were worth from $500 to $600. The point under review
is, therefore, ruled against appellant Leonori, Jr.

Appellant Langan assigns for error an instruction
that Mrs. Smith had no right as against plaintiff to sell
the property under the order of delivery to her in the
replevin suit. The instruction was correct. Hawkins
v. Taylor, 15 Mo. App. 238 *et seq.*; Cobby on Replevin,
sec. 706 *et seq.* To support a contrary view the case
of Donohoe v. McAleer, 37 Mo. 312, is cited. The
language of the learned judge in that case, discerped
from the point in judgment, might be taken to mean
that after an order of delivery to a plaintiff in a
replevin suit he may exercise full acts of ownership
over the goods, and transmit perfect title to the goods
in dispute to a vendee, pending the determination of
the action. This idea could not have been intended to
be conveyed by the expressions in that opinion. *First,*
because the only point before the court was whether or
not a plaintiff was disabled from further prosecuting
a replevin suit because he had in the interim sold the
property which had been turned over to him under an
order of delivery. The court decided this in the nega-
tive. To that extent its decision is not only correct,
but authoritative. *Secondly,* the court in that case could
not have meant that the transfer to a plaintiff in a
replevin suit under an order of delivery of the property
in dispute clothed him with full rights of ownership,
for that would be contrary to the well settled rule on
the subject, which is that such "order of delivery in
replevin confers no title. It gives only a temporary
right, which may terminate upon a judgment against

the plaintiff. He can not sell the property, so as to defeat the title of the real owner.'' Bruner v. Dyball, 42 Ill. 34. * * * The property is in the custody of the law. Hagan v. Lucas, 10 Pet. 400; Hawkins v. Taylor, *supra*.

The other points insisted upon on behalf of appellant Langan have been substantially disposed of in the discussion of the assignments of error of appellant Leonori, Jr.

Finding no reversible error in the judgment, it will be affirmed. All concur.

BOND, J.—(1) As to the claim that defendant Langan had no notice of the rights of plaintiff in the converted property, the answer is that Langan was cognizant of plaintiff's assertion of title to the goods in question. They were placed in his custody as warehouseman by the party who replevied them from the present plaintiff. He was a witness on the trial of the replevin suit in the court where it was decided in favor of defendant in that action and the plaintiff in this action. His subsequent cooperation in the sale of the goods and surrender of their proceeds to the *defeated party* was therefore in contravention of the right and title of the true owner as judicially established, of which he was charged with notice by reason of his participation in the trial. It was not justified by Revised Statutes of 1889, section 742, as claimed by the mover. That section was only enacted for the purpose of protecting the innocent holders of warehouse receipts against the transactions of prior parties. In this case the receipt had never passed out of the hands of the person to whom it was given, and Langan as has been shown, was charged with notice of the infirmity of her title, and hence rendered her the

proceeds of the goods at his peril and in defiance of a final judgment against her claim of ownership.

(2) As to the contention of the learned counsel for the mover that the goods delivered to the plaintiff in the replevin suit under the order of delivery became thereby released of legal custody, we have only to reply that the decision of this court to the contrary is cited in the main opinion in this case, and we see no reason for overturning that rule of law. But as the Kansas City court of appeals has expressed a different view in Coen v. Watkins, 62 Mo. App. 502, this cause will be certified to the supreme court for final determination. It is so ordered. All concur.