### M. F. Freehill v. John Hueni.

1. TROVER—*When Demand is Unnecessary.*—Where a party has put it out of his power to comply with the demand, so that it must be unavailing, demand is not necessary to enable one to maintain trover.

2. SAME—*Object of Demand.*—The object of a demand upon one

whose original possession was rightful is that he may have an opportunity to surrender the property and avoid costs.

3. PRACTICE—*Matter of Defense Put in Evidence upon Plaintiff's Cross-examination.*—It is error for the court to allow the defendant, over plaintiff's objection, to offer defensive matter while being cross-examined as a witness for plaintiff.

Trover.—Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

A. C. NORTON, attorney for appellant.

R. S. McILDUFF, attorney for appellee; STEVENS R. BAKER, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action brought by M. F. Freehill against John Hueni, in which plaintiff appeals from a judgment against him for costs. The pleadings are confused, but we deem it sufficient to say the case was tried by both parties upon the theory that two counts in trover were restored to the declaration by the withdrawal of counts in trespass, after a demurrer had been sustained to the entire declaration for a misjoinder of counts. Pleas to one of the counts in trespass went out of the record when that count was withdrawn. After the counts in trover were so restored it was by agreement ordered, " that all pleas, including statute of limitations and replication thereto, be considered in." Plaintiff can not be heard to say the court erred in sustaining the demurrer to the declaration, after he had withdrawn part of the counts and the rest have been treated as restored, and trial has been had upon them. The question whether the court erred in refusing plaintiff leave to file two additional counts on the eve of trial is not presented by this record, for such counts and the denial of the motion and an exception by plaintiff thereto, are not preserved in the bill of exceptions. The clerk's effort to certify to these matters and to preserve the proposed additional counts in his record, is unavailing. That could only be done by the trial judge in a bill of exceptions.

Defendant was a warehouseman at the village of Risk. Plaintiff was a farmer, and in August, 1894, stored with defendant 880 bushels of oats, for which defendant issued a warehouse receipt, the body of which was as follows :

" Received of Michael Freehill, Bu. 880 of white oats in store at owner's risk of fire or other damage, storage free to October 1, 1894, afterward it will be one-half cent per bushel a month."

Plaintiff charges defendant with the conversion of these oats. Under the law prevailing in this state defendant was not required to keep in store the identical grain deposited by plaintiff but was required to always have on hand oats of like quality and quantity. Section 25 of the act of 1871 for the regulation of public warehouses makes it a crime for any warehouseman of any public warehouse to " remove any property from store (except to preserve it from fire or other sudden danger) without the return and cancellation of any and all outstanding receipts that may have been issued to represent such property." Defendant was also under contract to keep the oats in store for the agreed compensation of one-half cent per bushel each month, beginning October 1, 1894. Public statute and private contract each made it defendant's duty to have always in store oats of the quality and quantity required to meet his outstanding warehouse receipts. If he violated that duty to plaintiff he was guilty of a conversion.

Plaintiff testified that in February, 1895, he noticed the oats were all shipped out of defendant's bins, and that on July 25, 1895, in the presence of his son John, he asked defendant where his oats were, and defendant replied, " I haven't them now." John Freehill testified he was present at that conversation; that plaintiff said to defendant, " John, I want my oats;" and that defendant replied, " I haven't got your oats." Plaintiff further testified that after the conversation just referred to, and on the same day, he looked in defendant's bins and could see them clear to the bottom, and there were no oats there. He also testified that between February and July, 1895, he had several

times noticed defendant had no oats on hand. Plaintiff further testified that on July 25, 1895, oats were worth thirty cents and over per bushel at Risk. On cross-examination he said he did not know just what they were worth then. Plaintiff called defendant as a witness, and inquired what oats were worth at Risk at the time he shipped out the identical oats he received of plaintiff, and also at a later date, and he replied that plaintiff told him they were worth thirty-three cents, and that it was so long ago he, defendant, could not remember just the price. The fair inference from defendant's testimony was that he thought thirty-three cents was about the price. The storage on July 25, 1895, could not have exceeded five cents per bushel. Plaintiff therefore presented proof tending to show defendant had shipped out all the oats, and had none whatever on hand to meet plaintiff's warehouse receipt in February, 1895, and on July 25, 1895, and between those dates, and was guilty of a conversion prior to the last-named date, and offered proof from which the jury could estimate the damages after deducting the storage. Plaintiff did not have the warehouse receipt in his possession when the trial began, but supposed it to be lost. He showed it was in the hands of his attorney at the trial of a former law suit and could not afterward be found. He then proved a copy and offered it. Thereupon defendant's counsel produced the original, and it went in evidence. The record does not show where defendant's counsel got it nor how long he had it; but it was unassigned, and defendant did not claim it belonged to him, or that he had ever honored it in the hands of any one else, or that any one ever owned it except plaintiff. There was therefore proof tending to show a conversion of the oats by defendant prior to July 25, 1895, and that plaintiff owned the receipt, and therefore owned the oats when they were converted, and evidence from which the jury could have computed the damages after deducting the storage charges earned prior to the conversion. If there was an actual conversion by shipping out the oats in store, so that defendant did not

have in store the oats to fill his outstanding warehouse receipts, then no demand was necessary. The object of a demand upon one whose original possession was rightful is that he may have an opportunity to surrender the property and avoid costs. But if he has put it out of his power to comply with the demand, so that the demand must be unavailing, demand is not necessary to enable a party to maintain trover. Tomkins v. Haile, 3 Wend. 406; Riford v. Montgomery, 7 Vt. 411; Jones v. Dugan, 1 McCord, 266; Himes v. McKinney, 3 Mo. 382; 1 Chitty's Pl. 157, note.

In this state of the record, the court committed two errors for which we conclude the judgment must be reversed and a new trial awarded. Plaintiff called defendant and made him his own witness to prove that the warehouse receipt was in his handwriting and that he issued it, and when he issued it, and that he kept on hand the identical oats delivered to him by plaintiff but a very short time and then shipped them out, and what oats were worth at Risk at certain dates. On cross-examination the court, over plaintiff's objections that this was not proper cross-examination, permitted defendant to testify that, from the date these oats were delivered to him by plaintiff down to the day he testified, he had always had on hand enough oats of the same quality to answer plaintiff's warehouse receipt, and also to cover all other oats left with him in store. This was not germane to the direct examination, and was matter of defense, and defendant should not have been allowed to put this defense in evidence in plaintiff's proofs under the guise of a cross-examination. But with this proof in, when plaintiff rested there was the evidence of plaintiff and defendant counter to each other as to whether defendant did have oats in store in February, 1895, and on July 25, 1895, and between those dates; and the evidence of plaintiff and his son that on July 25, 1895, defendant said he did not have plaintiff's oats, which conversation defendant did not deny. It is evident neither party expected the identical oats would be retained, and when defendant said to plaintiff on July 25, 1895, " I haven't

Freehill v. Hueni.

got your oats," the natural conclusion would be he meant he had no oats wherewith to fill plaintiff's receipt, thus corroborating plaintiff's testimony that immediately after that conversation, on the same day, he examined defendant's bins and found no oats in them. Obviously it was for the jury to decide whom to believe. The court improperly withdrew this question of fact from them by excluding the testimony and directing a verdict for plaintiff.

But it is argued this course was warranted by the oral plea of the five years' statute of limitations. It is said the counts in trover are to be treated as refiled on the day they were restored as above stated, which was November 21, 1901, more than five years after July 25, 1895. The issue of a summons is the commencement of an action at law. It is *lis pendens* from that date. The summons is not in the record before us, but the declaration was filed January 6, 1900. We must assume the suit was begun on or prior to that date. If the declaration had been filed when no suit had been begun we must assume defendant would not have pleaded to it, but would have moved to strike it from the files. The original declaration stated the cause of action here relied upon, and no matter what amendments or changes may have been made, if the same cause of action is stated the running of the statute of limitations is arrested by the commencement of the suit. Both dates concerning which the proof above stated was introduced were less than five years before the declaration was filed.

Proof was introduced of matters occurring in 1900, but we deem it unnecessary to discuss it, for the reason that whether or not what then happened would establish a cause of action, the proof offered of a conversation discovered in February and July, 1895, would give plaintiff a cause of action, if the jury believed it. The judgment is reversed and the cause remanded.